IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STEVE ROBERT DURAN,

      Petitioner,

    v.                                      No. CV 10-743 JB/GBW

ERASMO BRAVO, et al.,

      Respondents.

## ORDER GRANTING MOTION FOR RECONSIDERATION

This matter is before the Court on Petitioner Steve Duran's second Motion to Reconsider this Court's Order granting in part Duran's Motion to Amend Pleadings and Expand the Record. *Doc. 29.* For the reasons given below, Duran's motion is granted.

In granting in part Duran's Motion to Amend Pleadings and Expand the Record, this Court allowed Duran to amend his application for a writ of habeas corpus by adding one claim of ineffective assistance of counsel that Duran had exhausted in state court. *Doc. 23* at 2-3. Duran's Motion to Amend was denied, however, with respect to three other claims of ineffective assistance of counsel that this Court found were unexhausted. *Id.* at 1-2. In his Motion to Reconsider, Duran does not argue that these claims were properly exhausted in state court. Instead, Duran argues that he can show cause for his failure to raise the claims before state court and actual prejudice resulting from his three unexhausted claims of ineffective assistance. *Doc. 29* at 1-3. Duran also argues that he will suffer a

fundamental miscarriage of justice if his claims are not reviewed. *Id.* at 3-6.

Duran's arguments are relevant only if his claims are procedurally defaulted.

> [I]n considering unexhausted claims, federal courts should consider whether, upon dismissal of the claims, the petitioner would then be able to raise them in the state courts. "[I]f the court to which Petitioner must present his claims in order to meet the exhaustion requirement would now find those claims procedurally barred, there is a procedural default for the purposes of federal habeas review."

*Demarest v. Price*, 130 F.3d 922, 939 (10th Cir. 1997) (quoting *Dulin v. Cook*, 957 F.2d 758, 759 (10th Cir. 1992)). A federal court will not consider defaulted claims unless a petitioner can show cause and prejudice or a fundamental miscarriage of justice. *Smallwood v. Gibson*, 191 F.3d 1257, 1268 (10th Cir. 1999).

Procedural default does not occur, however, unless claims would not be heard by the state court on an independent and adequate state ground. *Id.* To be independent, a state ground must rely on state law and not federal law. *Id.* A state ground is considered adequate "only if it is 'strictly or regularly followed' and applied 'evenhandedly to all similar claims.'" *Id.* (quoting *Duvall v. Reynolds*, 139 F.3d 768, 797 (10th Cir. 1998)); *see also Walker v. Martin*, 131 S. Ct. 1120, 1127 (2011) (stating that state grounds must be "firmly established and regularly followed" to be adequate).

The circumstances here are unusual because Duran appears to accept that his unexhausted claims are procedurally defaulted, even though such a result would bar federal habeas review of these claims unless he can demonstrate cause and prejudice or a

2

fundamental miscarriage of justice. The State, which would normally have an interest in establishing procedural default for these very reasons, has not argued for this position even though the State has the burden of proving the adequacy of a state procedural bar in order to establish procedural default and preclude federal habeas review. *Hooks v. Ward*, 184 F.3d 1206, 1217 (10th Cir. 1999). The State did not raise procedural default in its answer to Duran's petition, *Doc. 10*, or file a response to Duran's Motion to Amend his petition, despite the fact that the amendments included the unexhausted claims at issue. Thus, the party that would normally seek to show procedural default has made no attempt to do so and the party that would normally oppose it appears to embrace default.

Although I can raise this issue *sua sponte* despite the State's silence and agree with Duran that his claims are procedurally defaulted, *see Hardiman v. Reynolds*, 971 F.2d 500, 502-05 (10th Cir. 1992), I reach the opposite conclusion after my own review of relevant law. In New Mexico, there is no statute of limitations that would prevent Duran from bringing his unexhausted claims in a second state habeas petition. *See State v. Sutphin*, 164 P.3d 72, 76 (N.M. 2007). While the New Mexico Supreme Court has held that courts may "not consider grounds asserted in a second or successive [state habeas petition] which could have been, but were not, asserted in a prior [state habeas petition]," it held that this rule does not apply to "grounds constituting fundamental error . . . ." *State v. Gillihan*, 524 P.2d 1335, 1336 (N.M. 1974). Because Duran could have raised the ineffective assistance

3

claims at issue in his first state habeas petition,[1] whether his claims are procedurally defaulted depends on whether New Mexico courts would find that they constitute fundamental error. New Mexico courts have defined fundamental error as "error that goes to: (1) the foundation of a defendant's rights, (2) the foundation of the case, or (3) a right essential to the defense of an accused . . . ." *Campos v. Bravo*, 161 P.3d 846, 851 (N.M. 2007) (citing *State v. Garcia*, 128 P.2d 459, 462 (N.M. 1942)).

While this language undoubtedly sets a high standard for grounds constituting fundamental error, it also creates an ambiguous one. As a result, there is not an established body of New Mexico law concluding that ineffective assistance of counsel claims do not constitute fundamental error.[2] This means that New Mexico courts have not strictly applied the *Gillihan* rule to evenhandedly deny ineffective assistance claims brought in second and successive state habeas petitions. Consequently, I cannot conclude that New

---

[1] Duran raised ineffective assistance claims both on direct appeal and in his state habeas petition. *Doc. 10*, Ex. 2 at 52-53; Ex. 5 at 3-9. He also raised ineffective assistance claims in his state habeas petition that he did not raise on direct appeal. *Id.* at Ex. 5 at 4-8. The only explanation for why Duran did not raise the three claims at issue in his state habeas petition seems to be that he did not think of them until it was too late.

[2] This dearth of law could also be because the Supreme Court has long recognized that the Sixth Amendment right to effective counsel is necessary "in order to protect the fundamental right to a fair trial." *Strickland v. Washington*, 466 U.S. 668, 684-85 (1984) ("The right to counsel plays a crucial role in the adversarial system embodied in the Sixth Amendment, since access to counsel's skill and knowledge is necessary to accord defendants the ample opportunity to meet the case of the prosecution to which they are entitled."). Although dicta, this and similar language support the idea that the Sixth Amendment right to counsel is "a right essential to the defense of an accused," and therefore that claims of ineffective assistance do constitute fundamental error.

4

Mexico courts would refuse to hear Duran's claims, brought in a second state habeas petition, on an adequate state ground – one that is applied "evenhandedly to all similar claims." *Smallwood*, 191 F.3d at 1268.

Having found that Duran's unexhausted ineffective assistance claims are not procedurally defaulted, I must decide how to handle Duran's claims as a whole. Together, Duran's unamended habeas application and proposed amendments form a "mixed" petition, one composed of both exhausted and unexhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). The Tenth Circuit has stated that courts have four options when presented with mixed petitions:

> (1) dismiss the mixed petition in its entirety; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit.

*Fairchild v. Workman*, 579 F.3d 1134, 1156 (10th Cir. 2009) (citations omitted).

Because the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") contains a one-year statute of limitations and federal habeas petitions do not toll the limitations period, *see* 28 U.S.C. § 2244(d); *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), I will not recommend dismissal of the mixed petition in its entirety. Doing so would prevent Duran from refiling his petition in federal court because it has been more than a year since the statute of limitations began to run on Duran's petition. Faced with the remaining three

5

options, I find that it is most efficient to ignore the exhaustion requirement for the three ineffective assistance claims at issue because I conclude that they and Duran's petition as a whole lack merit. *See* 28 U.S.C. § 2254(b)(2) (permitting federal habeas corpus courts to dismiss unexhausted claims on the merits); *Hoxsie v. Kerby*, 108 F.3d 1239, 1242-43 (10th Cir. 1997) (quoting *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987)) (permitting courts to address the merits of unexhausted claims when "the interests of comity and federalism will be better served by addressing the merits forthwith," and finding that if a court "is convinced that the petition has no merit, a belated application of the exhaustion rule might simply require useless litigation in state courts."). These claims will be reviewed along with the rest of Duran's amended petition.

IT IS THEREFORE ORDERED that Duran's Motion for Reconsideration is GRANTED and his petition is AMENDED to include the three unexhausted claims at issue. These include Duran's claims that he received ineffective assistance when his counsel: (1) failed to object and preserve several issues for appellate review, *Doc. 20*, Ex. 2 at 7-8; (2) failed to object to jury instructions, failed to object to jury communications in the absence of Duran, and failed to poll the jury, *id.* at 8-17; and (3) failed to conduct a proper investigation and interview witnesses at trial, call sufficient witnesses for Duran's defense, and impeach two prosecution witnesses. *Id.* at 17-24; Ex. 3 at 1-2.

_____
UNITED STATES MAGISTRATE JUDGE