IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STEVE ROBERT DURAN,

      Petitioner,

      v.                                                   No. CV 10-743 JB/GBW

ERASMO BRAVO, et al.,

      Respondents.

## ORDER GRANTING REQUEST FOR AUDIO RECORDINGS AND GRANTING MOTION FOR EXTENSION OF TIME TO FILE OBJECTIONS

After Petitioner Steve Duran revealed that he has written transcripts of his state court proceedings that had previously not been disclosed to this Court, I ordered Respondents to supplement the record. *Doc. 34.* The transcripts have since been provided and I have reviewed them to determine whether Duran can effectively follow the citations to his proceedings in my Proposed Findings and Recommended Disposition (PFRD).

The transcripts appear to match the substance of the audio recordings. Additionally, Duran has indicated that he has transcripts for his pretrial conference on January 14, 2005, his pretrial motion hearing on August 26, 2005, his sentencing hearing on February 28, 2006, and each day of his trial. *Doc. 33* at 3-4. The transcript for the first day of Duran's trial also includes the voir dire proceedings that occurred immediately before Duran's trial began. Collectively, these transcripts cover all of the significant portions of Duran's

proceedings that are cited in the PFRD.[1]

Duran has argued that, although the audio recordings and transcripts may have the same substance, the different mediums will put him and this Court "at odds when referencing the record . . . ." *Doc. 33* at 2. This is because my citations to the audio recordings are necessarily by date and minute, *see Doc. 31* at 2 n.1, while Duran's citations to the transcript must be by volume, page and line number. My review has confirmed that, while the transcripts for Duran's trial are broken down by day and examination of each witness, the transcripts do not identify each passing minute of Duran's proceedings.

However, the transcripts do contain numerous notes that will greatly assist Duran in following my citations to the audio recordings. These notes state that testimony was "inaudible" at various times in Duran's proceedings, and these times were calculated by reference to the same "ForTheRecord" audio recordings that I used in preparing the PFRD.[2] Although these notes in the transcripts do not occur within every passing minute, they usually occur at least once every ten minutes and often occur more frequently. *E.g. Examination and Cross-Examination of Mary Finnell*, Supplemental Transcript of Jury Trial,

---

[1] Duran has indicated that he also has a transcript of his grand jury hearing and has offered to provide it to this Court. *Doc. 33* at 4. Respondents did not provide such a transcript to this Court. *Doc. 35*. However, because the testimony at Duran's grand jury hearing is not relevant to his claims in this case, there is no need to supplement the record with this transcript.

[2] In addition to these "inaudible" notes, there are other notes indicating the time at which various events started, such as bench conferences.

Volume 1, at 134, 142, 143, 150, 175, 183, 188, 190, 211, 212, 213, 214, 219, 220, 223 (containing notes that mark the proceedings at 3:22:33, 3:32:11, 3:32:42, 3:41:09, 4:09:28, 4:17:32, 4:23:22, 4:24:51, 4:25:00, 4:51:15, 4:51:44, 4:53:02, 4:54:33, 5:01:47, 5:02:58, and 5:08:04). Thus, by referring to these notes and their accompanying times, Duran can identify a narrow range in the transcripts for each of my citations and determine whether he believes each citation is accurate.[3]

Therefore, the undersigned is confident that Petitioner need not utilize the audio recordings, but can instead utilize the transcripts when reviewing the PFRD. Nonetheless, in an abundance of caution and given the small expense required to copy the audio recordings for Petitioner, the court will grant Petitioner's motion and order Respondents to send him a copy of those recordings. The recordings shall be mailed to Petitioner no later than August 1, 2011.

Despite ordering that Petitioner receive a copy of the audio recordings, the Court

---

[3] There is one volume of Duran's trial in which the times marked by the "inaudible" notes do not match the audio recordings of Duran's proceedings. This is the non-supplemental transcript for the first day of Duran's trial (September 26, 2005), which was filed with the New Mexico Supreme Court on July 2, 2007. However, the supplemental transcript for this same day of trial, filed with the New Mexico Supreme Court on January 29, 2008, does contain times that match the audio recordings and covers all of Duran's proceedings from that day. Duran has indicated that he has this supplemental transcript in his possession, *Doc. 33* at 3, and should refer to this volume for his first day of trial rather than the non-supplemental transcript. The other transcripts all contain times that match the audio recordings and the citations in my PFRD.

encourages Petitioner to cite to the written transcript in his Objections. Because the transcripts have now been provided to the Court, there is no longer any danger that Duran's citations to the transcripts in his objections will be "overlooked, omitted, or . . . found ambiguous." *Doc. 33* at 3. This Court will be able to follow all of Duran's citations to his proceedings by reference to the transcripts. In preparing his objections, Duran should therefore cite to all material in the transcripts by page and line number that supports his legal arguments or that he believes contradicts factual findings in the PFRD.

Petitioner has also requested additional time in which to file objections to the PFRD. *Doc. 32.* Having considered Petitioner's motion, the Court will grant Petitioner's motion and give him an additional forty-five (45) days to file his objections (with the time in which the motion was pending tolled). Therefore, his objections shall be filed no later than September 9, 2011.

IT IS SO ORDERED.

UNITED STATES MAGISTRATE JUDGE