IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STEVE ROBERT DURAN,

        Applicant,

v.                                                                                            CIV 10-0743 JB/GBW

ERASMO BRAVO, Warden,
Guadalupe County Correctional
Facility, and GARY KING, New Mexico
Attorney General,

        Respondents.

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION ON PETITIONER'S MOTION TO SUPPLEMENT

THIS MATTER is before the Court on Petitioner's "Motion to Supplement Unexhausted and Procedurally Defaulted Claim's" (hereinafter "Motion") filed on August 22, 2011. *Doc. 49*. Because Petitioner is appearing *pro se*, the Court construes his Motion liberally, holding it to a less stringent standard than that which a party represented by counsel is held. *See Haines v. Kerner*, 404 U.S. 519, 520-521 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

The Court has exhaustively reviewed Petitioner's thirty-four page Motion under the liberal standard accorded *pro se* filings. In that review, I have identified more than fifty claims raised in the Motion and compared them to the claims currently before the

1

Court.[1]  Some of these claims are indeed new to his Petition, but others are duplicative of claims already raised.

**A.     Plaintiff's New Claims**

A number of the new claims relate to the investigation in his case and evidence arising out of that investigation.  Petitioner alleges that it was error to admit video of the on-scene interview of a witness, to not inform Petitioner of that video earlier, to not disclose some information about those on-scene interviews, and that the foregoing prevented proper impeachment.  *Doc. 49* at 4-7, 12.  Along that same line, Petitioner also alleges that audio tapes of interviews were intentionally destroyed by police.  *Id*. at 16.

A number of Petitioner's new claims are ineffectiveness of counsel claims.  Petitioner alleges that he received inadequate counsel at trial because of the waiver of his arraignment.  *Id*. at 21.  Petitioner alleges ineffectiveness on the part of appellate counsel for improperly presenting a confrontation clause argument and for failing to raise five claims that are not entirely clearly stated in the Motion.  *Id*. at 3-4.

Additionally, Petitioner devotes considerable space seeking to add claims regarding the role of Officer Yoakum at trial.  Petitioner alleges that it was error to allow the Officer to sit at the State's table as lead investigator, to introduce him to the jury as lead investigator, and to fail to mention witness intimidation charges leveled at

---

[1] The claims currently before the Court include those in the original Petition and the claim which the Court permitted to be added pursuant to Petitioner's first motion to supplement.  *See docs. 1, 20, 23*.

2

him in the interim between the crime and the trial. *Id*. at 17. Petitioner further expands his request to supplement by asserting various ineffective assistance of counsel claims for failure to object to these "errors" and for not objecting to the prosecutor's vouching for Officer Yoakum. *Id*. at 18-20. Petitioner also requests an evidentiary hearing to further explore Officer Yoakum's biases. *Id*. at 21.

Petitioner makes assorted allegations about the quality and sufficiency of evidence presented against him. He contends that it was improper to convict him based on evidence in his house because others had the keys to the property too, that it was improper to let a non-expert discuss blood spatter, that it was wrong to allow references to drug use or possession because there was no probable cause for the statements, that allowing testimony about what kind of vehicle left the crime scene was incorrect because it was unreliable, and that it was wrong to admit found shell casings because they were not from the murder weapon. *Id*. at 7-9, 22-23, 27.

Another area of focus for Petitioner is a series of new allegations of alleged prosecutorial misconduct. Petitioner alleges that the State allowed known false testimony, that the Prosecutor made "suggestive influences" for in-court identifications, that the Prosecutor vouched for Mary Finnell as a witness, and that the Prosecutor committed perjury when he said charges against Ms. Finnell were dismissed. *Id*. at 23, 26, 32. He further argues that the prosecutor acted improperly by commenting on his silence and by appealing to the emotions of jurors by telling them to protect the

community. *Id*. at 14, 28. As with a significant portion of Petitioner's objections, he also asserts that he received ineffective assistance of counsel because his attorney failed to object to these "errors." *Id*. at 26.

Finally, Petitioner asks for an evidentiary hearing because he claims that the audio recording of the trial does not allow him to understand what was said during one sidebar and during one witness's identification of Petitioner. *See id*. at 15, 23.

1. Undue Delay in Bringing Petitioner's New Claims

Petitioner's attempt to raise these new claims should be denied on the basis of undue delay. Although a court should "freely grant leave to amend when justice so requires," leave may be denied for a variety of reasons including undue delay by a movant. *Stafford v. Saffle*, 34 F.3d 1557, 1560 (10th Cir. 1994).

In *United States v. Burbage*, 280 Fed. App'x 777 (10th Cir. 2008) (attached as Exhibit 1), the Tenth Circuit affirmed the trial court's denial of Petitioner's motion to amend his habeas petition on the basis of undue delay under facts similar to the instant case. In *Burbage*, the petitioner moved to amend to "present an entirely new set of allegations." *Id*. at 782. "The motion to amend was filed nearly a month after the magistrate judge issued his findings and recommendations; three months after Mr. Burbage's first amended petition was filed, and more than eight months after his § 2255 action was commenced." *Id*. With these facts, the Court concluded that the "district court reasonably declined to permit amendment 'at this late date.'" *Id*. The Court

explained that "'[w]e have often found untimeliness alone a sufficient reason to deny leave to amend, especially when the party filing the motion has no adequate explanation for the delay.'" *Id*. (*quoting Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994)).

The instant case presents an even more compelling case for denial of the motion to amend on the basis of undue delay. Petitioner filed his section 2254 motion with this Court on August 6, 2010. *Doc. 1*. Petitioner has been permitted to amend his Petition once already on February 16, 2011. *See docs. 20, 23*. Petitioner's newest motion to amend was filed more than a year after his habeas action commenced. *Doc. 49*. Moreover, the instant motion to amend was filed three months after the filing of the Proposed Findings and Recommended Disposition which recommended dismissal of the Petition. *Doc. 31*. Finally, Petitioner gives no explanation within his filing as to why these newly-presented claims could not have been included in the original Petition or why they could not have been added substantially sooner. Consequently, I recommend denying Petitioner's Motion as to the claims which are new to his Petition because of undue delay in bringing them.[2]

---

[2] Some of the "new" ineffective assistance claims raised in the instant motion are similar to claims raised in Petitioner's earlier motion to amend. *See doc. 20*. In that earlier motion, Petitioner sought to add claims that he received ineffective assistance when (1) his counsel failed to object and preserve several issues for appellate review, *Doc. 20*, Ex. 2 at 7-8; (2) his counsel failed to move to strike the jury panel, failed to object to jury instructions, failed to object to jury communications in the absence of Petitioner, and failed to poll the jury, *id*. at 8-17; and (3) his counsel failed to properly

2. Petitioner's New Claims are Futile Because They are Unexhausted

"Before seeking federal habeas relief, a state prisoner must exhaust available state remedies, giving the State the 'opportunity to correct alleged violations of its prisoners' federal rights[.]'" *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam)). In order "[t]o provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court[.]" *Id.* For exhaustion to occur, a prisoner must show a lack of availability of further state-level remedies and the prisoner must not have procedurally defaulted those options that were available prior. *Woodford v. Ngo*, 548 U.S. 81, 92-93 (2006). Moreover, in order to exhaust a claim, Petitioner must have presented the same basis of error and the same allegation of why it constituted error in the state court. *See e.g. Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (refusing to find exhausted a due process claim for misapplying evidentiary rule because state claim had not referred to alleged error in due process context).

In addition to his undue delay in bringing his new claims, a review of Petitioner's state appeal and state habeas petition reveals that none of these specific

---

interview potential defense witnesses and failed to impeach a prosecution witness. *Id*. at 17-24; Ex. 3 at 1-2. Petitioner's earlier attempt to add these claims was denied because they were unexhausted and therefore amendment would be futile. *See doc. 23*. To the extent that the ineffective assistance of counsel claims are the same as those raised in the first motion to amend, "undue delay" would not be a basis for denial. However, these claims are still unexhausted and I would still recommend denying their addition to the Petition on the basis of futility as described herein. *See infra* pp. 6-7.

6

claims were previously presented to the state court.  *See generally doc. 10*, Exs. G, I, N.  As such, all of Petitioner's newly-presented claims would be subject to dismissal for failure to exhaust his state remedies.  Therefore, permitting their addition at this time would be futile.  Futility of an amendment is a well-established ground for denying leave to amend.  *See Stafford*, 34 F.3d at 1560.  Consequently, I recommend denying Petitioner's Motion as to the claims which are new to his Petition because of their futility.

**B.     Petitioner's Duplicative Claims**

Some of the claims described in Petitioner's Motion could be construed as having been previously presented to the state court.  However, if one construes them broadly enough to consider them exhausted, then one must also conclude that these claims are already before the Court.[3]  A review of the Motion finds several claims which could fall into this category. *Compare doc. 49 at 8 with doc. 31 at 27, 76* (DNA testing of truck, admission of shotgun shells, testimony about shells being found in trailer); *Compare doc. 49 at 11 with doc. 31 at 38, 57, 66-67* (alleged coerced confessions, general allegation of prosecutorial misconduct, improper commentary by Prosecutor about no other witnesses seeing another person at crime scene); *Compare doc. 49 at 12 with doc. 31 at 97-99* (general hearsay objection); *Compare doc. 49 at 21 with doc. 31 at 18-19* (speedy trial

---

[3] The claims currently before the Court include those in the original Petition and the claim which the Court permitted to be added pursuant to Petitioner's first motion to supplement. *See docs. 1, 20, 23*.

objection); *Compare doc. 49* at 44 *with doc. 31* at 45 (not allowing questions of bias for Mary Finnell); *Compare doc. 49* at 27 *with doc. 31* at 72-73 (ineffective assistance of counsel for not objecting to drug testimony); *Compare doc. 49* at 29 *with doc. 31* at 72-73 (ineffective assistance of counsel for not exposing alleged deal between government and witness); *Compare doc. 49* at 33 *with doc. 31 generally* (general cumulative errors); *Compare doc. 49* at 36 *with doc. 31* at 72 (Fourth Amendment violations). To the extent that these claims are new, I recommend that their addition be denied on the basis of both undue delay and futility for failure to exhaust. To the extent that these claims are exhausted, I recommend their addition be denied because they are duplicative and thus moot.[4]

## CONCLUSION

Even under a liberal reading of Petitioner's Motion to Supplement, it includes only claims which were (1) unduly delayed, (2) futile; or (3) duplicative of claims already before the Court. As such, I recommend that the Motion to Supplement be denied.

---

[4] To the extent that Petitioner makes arguments that could construed as objections to the PFRD recommending dismissal of a particular claim, the Court can consider those arguments when it considers Petitioner's formal Objections. *See doc. 51.*

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE