**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

STEVE ROBERT DURAN,

Petitioner,

vs. No. CIV 10-0743 JB/GBW

ERASMO BRAVO, Warden,
Guadalupe County Correctional
Facility, and GARY KING, New Mexico
Attorney General,

Respondents.

**ORDER OVERRULING OBJECTIONS AND ADOPTING PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** comes before the Court on: (i) the Magistrate Judge's Proposed Findings and Recommended Disposition on Petitioner's Motion to Supplement his Petition, filed October 31, 2011 (Doc. 54)("PFRD"); (ii) the Petitioner's Motion to Supplement Unexhausted and Procedurally Defaulted Claim's [sic] and Exhibit's [sic] for "Fundamental Error Review" to Doc. 20, filed August 22, 2011 (Doc. 49)("Motion to Supplement"); (iii) the Letter from Steve Robert Duran to the Court (dated March 19, 2012), filed March 19, 2012 (Doc. 60)("Duran Letter to Judge Browning"); and (iv) the Letter from Steve Robert Duran to the Honorable Robert C. Brack, United States District Judge (dated March 19, 2012)(Doc. 59)("Duran Letter to Judge Brack"). The primary issues are: (i) whether the Court should recuse itself because of bias; (ii) whether the Court should overrule Petitioner Steve Robert Duran's objections to the PFRD as untimely; (iii) whether Duran acted with undue delay in filing his Motion to Supplement; and (iv) whether the claims Duran presents in his Motion to Supplement are unexhausted, meritless, or duplicative. The Court concludes that it need not recuse itself, because Duran has acted in an untimely manner in seeking recusal, because the

Court believes it can act in a fair and impartial manner, and because, from an objectively reasonable standpoint, there is not an appearance of impropriety. The PFRD issued by the Honorable Gregory B. Wormuth, United States Magistrate Judge, recommends that the Court deny the Motion to Supplement. See PFRD at 8. Duran filed his objections to the PFRD on November 28, 2011. See Petitioner's Objection's [sic] to the Magistrate's [sic] Judge's Proposed Finding's [sic] and Recommended Disposition on Petitioner's Motion to Supplement and Reserve's [sic] the Right to Amend Objections, filed November 28, 2011 (Doc. 57)("Objections"). Because Duran is proceeding pro se, the Court has interpreted his responses liberally.[1] See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Whitehead v. Shafer, 295 F.App'x 906, 907-08 (10th Cir. 2008)(unpublished). To the extent that his objections address the PFRD, the Court has conducted a de novo review of the portions to which Duran objects. See Garcia v. City of Albuquerque, 232 F.3d 760, 766-67 (10th Cir. 2000). The Court agrees with Judge Wormuth's reasoning, overrules Duran's Objections, and adopts the PFRD.

## LAW REGARDING OBJECTIONS TO PROPOSED FINDINGS AND RECOMMENDATIONS

District courts may refer dispositive motions to a magistrate judge for a recommended disposition. See Fed. R. Civ. P. 72(b)(1) ("A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense . . . ."). Rule 72(b)(2) governs objections: "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Finally, when resolving

[1]Duran actually appears to object to the liberal construction approach. See Objections at 2 (objecting to number of claims discerned in the PFRD and listing a lesser number of alleged errors). His Objections notwithstanding, the Court continues to follow the commands of case law.

objections to a magistrate judge's proposal: "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C).

"'The filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute.'" United States v. One Parcel of Real Property, with Buildings, Appurtenances, Improvements, and Contents, Known as: 2121 East 30th Street, Tulsa, Okla., 73 F.3d 1057, 1059 (10th Cir. 1996)("One Parcel")(quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)). As the United States Court of Appeals for the Tenth Circuit has noted, "the filing of objections advances the interests that underlie the Magistrate's Act, including judicial efficiency." One Parcel, 73 F.3d at 1059 (citing Niehaus v. Kan. Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir. 1986), superseded by statute on other grounds as stated in De Vargas v. Mason & Hanger-Silas Mason Co., 911 F.2d 1377 (10th Cir. 1990); United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

The Tenth Circuit held "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." One Parcel, 73 F.3d at 1060. "To further advance the policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, ha[s] adopted 'a firm

waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.'" One Parcel, 73 F.3d at 1059. Nevertheless, courts construe a pro se party's objections liberally. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In One Parcel, the Tenth Circuit, in accord with other courts of appeals, expanded the waiver rule to cover objections that are timely but too general. See One Parcel, 73 F.3d at 1060. The Supreme Court of the United States -- in the course of approving the United States Court of Appeals for the Sixth Circuit's use of this waiver rule -- has noted:

> It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings. The House and Senate Reports accompanying the 1976 amendments do not expressly consider what sort of review the district court should perform when no party objects to the magistrate's report. See S.Rep. No. 94-625, pp. 9-10 (1976)(hereafter Senate Report); H.R.Rep. No. 94-1609, p. 11 (1976), U.S. Code Cong. & Admin. News 1976, p. 6162 (hereafter House Report). There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate. Moreover, the Subcommittee that drafted and held hearings on the 1976 amendments had before it the guidelines of the Administrative Office of the United States Courts concerning the efficient use of magistrates. Those guidelines recommended to the district courts that "[w]here a magistrate makes a finding or ruling on a motion or an issue, his determination should become that of the district court, unless specific objection is filed within a reasonable time." See Jurisdiction of United States Magistrates, Hearings on S. 1283 before the Subcommittee on Improvements in Judicial Machinery of the Senate Committee on the Judiciary, 94th Cong., 1st Sess., 24 (1975)(emphasis added) (hereafter Senate Hearings). The Committee also heard Judge Metzner of the Southern District of New York, the chairman of a Judicial Conference Committee on the administration of the magistrate system, testify that he personally followed that practice. See id., at 11 ("If any objections come in, . . . I review [the record] and decide it. If no objections come in, I merely sign the magistrate's order"). The Judicial Conference of the United States, which supported the de novo standard of review eventually incorporated in § 636(b)(1)(C), opined that in most instances no party would object to the magistrate's recommendation, and the litigation would terminate with the judge's adoption of the magistrate's report. See Senate Hearings, at 35, 37. Congress apparently assumed, therefore, that any party who was dissatisfied for any reason with the magistrate's report would file objections, and

> those objections would trigger district court review. There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed. It did not preclude treating the failure to object as a procedural default, waiving the right to further consideration of any sort. We thus find nothing in the statute or the legislative history that convinces us that Congress intended to forbid a rule such as the one adopted by the Sixth Circuit.

Thomas v. Arn, 474 U.S. at 151-52 (footnotes omitted).

The Tenth Circuit has noted, "however, that '[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate.'" One Parcel, 73 F.3d at 1060 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)("We join those circuits that have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations." (citations omitted))). Cf. Thomas v. Arn, 474 U.S. at 154 (noting that, while "[a]ny party that desires plenary consideration by the Article III judge of any issue need only ask," a failure to object "does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard"). In One Parcel, the Tenth Circuit also noted that the district judge had decided sua sponte to conduct a de-novo review despite the lack of specificity in the objections, but the Tenth Circuit held that it would deem the issues waived on appeal, because such action would advance the interests underlying the waiver rule. See 73 F.3d at 1060-61 (citing cases from other circuits where district court elected to address merits despite potential application of waiver rule, but circuit court opted to enforce waiver rule).

In addition to requiring specificity in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996). See United States v. Garfinkle, 261 F.3d 1030, 1030-31 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the

magistrate judge's report are deemed waived."). In an unpublished opinion, the Tenth Circuit stated that "the district court correctly held that [a petitioner] had waived [an] argument by failing to raise it before the magistrate." Pevehouse v. Scibana, 229 F.App'x 795, 796 (10th Cir. 2007)(unpublished).

## ANALYSIS

Before the Court reaches the merits of Duran's Objections, the Court first determines that it need not recuse itself from this case and that the Court can be fair and impartial. The Court will overrule the Objections. The Court concludes that it is proper to overrule the Objections as untimely. The Court also concludes that Duran has acted with undue delay in filing his Motion to Supplement. Additionally, the Court believes that permitting amendment would be futile, because Duran has either not exhausted his claims, they lack merit, or they are duplicitous of claims he has already asserted.

### I. THE COURT WILL NOT RECUSE ITSELF.

On August 20, 2010, the Court sent a letter to Duran to inform him that: (i) Attorney General Gary King enters appearances in many cases before the Court, but does not personally appear at hearings in front of the Court; (ii) that the Court sees King at professional gatherings, but does not socialize with him; and (iii) that King has never visited the Court's home and the Court has never visited King's home. See Letter from the Court to Steve Robert Duran at 1 (dated August 20, 2010), filed August 20, 2010 (Doc. 6)("Aug. 20, 2010 Letter"). On August 24, 2010, Duran sent a letter to the Court inquiring whether the Court has any relationship with Matthew E. Chandler, the prosecuting attorney in Duran's state criminal case, based on Duran's concern that Mr. Chandler

might become the next New Mexico Attorney General[2] and because Mr. Chandler convicted him on the charges Duran is currently appealing in this proceeding. See Letter from Steve Robert Duran to the Court at 1 (dated August 24, 2010), filed August 24, 2010 (Doc. 7)("Aug. 24, 2010 Letter"). On September 15, 2010, the Court sent a letter to Duran disclosing that the Court does not have a personal relationship with Mr. Chandler and that it does not recall ever meeting or talking to him. See Letter from the Court to Steve Robert Duran at 1 (dated September 15, 2010), filed September 15, 2010 (Doc. 11)("Sept. 15, 2010 Letter"). The Court also disclosed that the Court's Courtroom Deputy, K'Aun Wild, knows of Mr. Chandler and his family -- having gone to high school with his older brother, John Chandler. See Sept. 15, 2010 Letter at 1. Specifically, the Sept. 15, 2010 Letter stated:

> This letter responds to your letter of August 24, 2010. I do not have a personal relationship with Mr. Matthew E. Chandler. I do not recall ever meeting him or talking to him, although I meet lots of people, and may have met him and talked to him. If I have met or talked to him, it must have been so long ago, i.e., before I became a judge, that I do not remember any contact.
>
> My Courtroom Deputy Clerk, K'Aun Wild, grew up in Clovis and knows of Mr. Chandler and his family. She recalls attending high school with his older brother, John.
>
> I believe that I can continue to be fair and impartial. If anyone, however, has any questions about the above, please let my Courtroom Deputy Clerk, K'Aun Wild, know, and we can perhaps have a conference. I have instructed Mrs. Wild not to tell me who may call. Best regards.

Sept. 15, 2010 Letter at 1.

On March 19, 2012, Duran wrote to the Court and states his concern regarding the disclosure

---

[2] Mr. Chandler lost the 2010 election for New Mexico Attorney General. See New Mexico Attorney General Election, 2010, Ballotpedia, http://ballotpedia.org/wiki/index.php/New_Mexico_Attorney_General_election,_2010 (last visited April 4, 2012).

contained in the Sept. 15, 2010 Letter. See Duran Letter to Judge Browning at 1. Duran states that he is concerned with "the fact that [Ms. Wild] knows of the Prosecuting attorney and his family" and that she went to high school with the prosecuting attorney's brother. Duran Letter to Judge Browning at 1. He asserts that the disclosure compels him to request that the Court recuse itself, because Ms. Wild is "intimately" involved in the case at hand. Duran Letter to Judge Browning at 2. He requests that the Court refer this case to the Honorable Robert C. Brack, United States District Judge. See Duran Letter to Judge Browning at 2. Duran does not state whether he intends to rely upon 28 U.S.C. §§ 144 or 455 as a basis for recusal, or whether he intends to rely on some other statute or legal basis for recusal. Duran also wrote a similar letter to Judge Brack. See Duran Letter to Judge Brack at 2-3. On March 28, 2012, Judge Brack responded to Duran. See Letter from the Honorable Robert C. Brack to Steve Robert Duran, filed March 30, 2012 (Doc. 59)("Brack Response"). Judge Brack states that, after reviewing the case file materials, he saw "no reason for this cases to be re-assigned . . . nor any reason for Judge Browning to recuse himself from this case." Brack Response at 1.

Although 28 U.S.C. § 144 commands that the judge shall "proceed no further" once a party has filed a recusal motion under this statute, the mere filing of a 28 U.S.C. § 144 motion "does not automatically disqualify a judge." United States v. Bray, 546 F.2d 851, 857 (10th Cir. 1976). Rather, the judge is both entitled to -- and, in fact, required to -- consider the sufficiency of the filing. See United States v. Bray, 546 F.2d at 857. The judge's investigation of sufficiency entails evaluating both whether the allegations rise beyond conclusory and whether the affidavits are timely filed. See Hinman v. Rogers, 831 F.2d 937, 938-39 (10th Cir. 1987)(per curiam). The burden on a party moving for the recusal of a judge is substantial. See In re McCarthey, 368 F.3d 1266, 1269 (10th Cir. 2004).

The Court does not believe that it needs to recuse itself in this case. The Court issued its Sept. 15, 2010 Letter in response to a concern Duran had raised and out of an abundance of caution. Ms. Wild has not maintained contact with Mr. Chandler or his family. Ms. Wild's familiarity with Mr. Chandler does not appear to be as significant as the passing relationship that the Court and Court staff have with the many lawyers who appear in state and federal court, and it would be impracticable for the Court to recuse itself in every such case. While Duran has not filed a motion asking the Court to recuse itself, the Court notes that the burden on a party moving for the recusal of a judge is substantial. See In re McCarthey, 368 F.3d 1266, 1269 (10th Cir. 2004)(noting that the disqualification statutes "place[] a substantial burden on the moving party to demonstrate that the judge is not impartial"). Construing the Duran Letter to Judge Browning as a recusal motion, the Court notes that Duran has not included any affidavits along with his request as a recusal motion under 28 U.S.C. § 144 would require. See 28 U.S.C. § 144 ("Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias . . . , such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding."). Furthermore, Duran waited two years to express any concerns regarding Ms. Wild's former associations with the Chandler family. A motion to recuse a judge, whatever form it may take, must be timely filed. See Hinman v. Rogers, 831 F.2d at 938 ("[A] motion to recuse must be filed promptly after the allegedly disqualifying facts are discovered."). The Tenth Circuit has held that, when a party waits three months from the time the party becomes aware of the facts giving rise to the alleged basis for recusal, the motion is untimely. See Hinman v. Rogers, 831 F.2d at 939. See also United States v. Sykes, 7 F.3d 1331, 1339 (7th Cir. 1993)(finding that a party seeking recusal acted in an untimely manner when they waited two months between discovery of allegedly disqualifying information and filing of motion to recuse);

Scott v. Dona Ana County, No. 09-0797, Memorandum Opinion and Order Overruling the Plaintiffs' Objections to the Magistrate Judge's Report and Recommendation at 15-22, filed March 28, 2012 (Doc. 153)(D.N.M.)(Browning, J.)(discussing in detail the standards for recusal under 28 U.S.C. §§ 144 and 455). Here, Duran waited two years to raise any concerns and has not yet filed any document with the Court describing itself as a motion seeking recusal. Other than noting a general concern that Ms. Wild knows of Chandler and his family, Duran does not explain why he believes the Court or Ms. Wild would be biased. Furthermore, the Court notes that its colleague, Judge Brack, also saw no reason why the Court should recuse itself. Given that Judge Brack is also from Clovis, he too may know members of the Chandler family. Accordingly, the Court will not recuse itself.

**II. THE COURT CONCLUDES THAT DURAN'S OBJECTIONS ARE UNTIMELY.**

The Court will overrule the Objections as untimely. Judge Wormuth filed the PFRD on October 31, 2011. See Doc. 54. As indicated therein, Duran's objections were due fourteen days from the date of filing of the PFRD. See PFRD at 9. On November 14, 2011, Judge Wormuth granted Petitioner's Motion for Extension of Time to File Objection to Proposed Findings and Recommended Disposition on Petitioner's Motion to Supplement Doc's, 53 and 54, filed November 10, 2011 (Doc. 55)("Motion for Extension of Time"), and allowed Duran until November 24, 2011 to file his objections. Order Granting Petitioner's Motion for Extension of Time at 1, filed November 14, 2011 (Doc. 56)("Order Granting Extension of Time"). The Court received Duran's Objections on November 28, 2011. See Doc. 57. That date is beyond the time period allowed for filing objections, and that untimeliness is a sufficient basis to overrule the Objections. See Rivera v. Mullin, 446 F.App'x 130, 131-32 (10th Cir. 2011)(unpublished)("This court has adopted a firm waiver rule under which a party who fails to make a timely objection to the magistrate judge's

findings and recommendations waives appellate review of both factual and legal questions."); One Parcel, 73 F.3d at 1060 ("[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."). Additionally, the Court does not believe that there are any circumstances that, in the interests of justice, require review of Duran's Objections on the merits. Beyond the issue of timeliness, the Court also believes that there are other bases to overrule Duran's Objections to Judge Wormuth's PFRD.

## III. THE COURT CONCLUDES THAT DURAN HAS ACTED WITH UNDUE DELAY IN SEEKING LEAVE TO AMEND.

In general, the Court will grant leave to amend a habeas complaint when justice so requires. See Stafford v. Saffle, 34 F.3d 1557, 1560 (10th Cir. 1994). Where a petitioner unduly delays a request to amend, however, leave will not be granted. See Stafford v. Saffle, 34 F.3d at 1560.

Judge Wormuth relied in part upon the Tenth Circuit's holding in United States v. Burbage, 280 F.App'x 777 (10th Cir. 2008)(unpublished), in proposing that Duran's Motion to Supplement was too late. In United States v. Burbage, as here, the petitioner did not move to amend until "nearly a month after the magistrate judge issued his findings and recommendations." 280 F.App'x at 782. Additionally, while the petitioner in United States v. Burbage sought to add only one new claim, Duran seeks to add a much larger number of different claims in his thirty-seven page Motion to Supplement. See Motion to Supplement at 1-36. Duran cannot seek to assert an entirely new set of claims each time a magistrate judge issues their proposed findings and recommendations. Otherwise, this case would never come to a resolution. Much like the district court in United States v. Burbage concluded, Duran "has had ample opportunity to present his case to the Court, and he cannot simply raise new claims as they occur to him." 280 F.App'x at 782. While the Court is

inclined to give more flexibility to Duran because his is proceeding pro se, Duran cannot proceed in this case however he chooses to do so. The Court agrees with Judge Wormuth's conclusion that the holding of United States v. Burbage justifies denying the Motion to Supplement.

In support of his recommendation to deny the Motion to Supplement, Judge Wormuth notes the following facts: (i) Duran filed his Petition, filed August 6, 2010 (Doc. 1)("Petition"), in August 2010; (ii) Judge Wormuth permitted amendment of the Petition in February 2011; (iii) Judge Wormuth filed a set of proposed findings and recommended disposition recommending dismissal of Duran's claims in May 2011; and (iv) Duran did not file the Motion to Supplement until August 2011. See PFRD at 5. Duran has not offered the Court any reason, and certainly not a persuasive reason, for waiting until seven months after his first amendment or three months after Judge Wormuth recommended dismissal to file his instant request.[3] Duran filed an exhaustive fifty-six page Petition originally, which Judge Wormuth has subsequently permitted him to amend. This situation is not one where Duran filed a brief Petition where he did not have a chance to flesh out or assert all his potential claims. Accordingly, the Court overrules the Objections to Judge Wormuth's recommended finding that undue delay is a basis for rejecting his Motion to Supplement.

Duran further objects to the undue delay analysis by citing three cases that he believes assert that undue delay is not a basis for rejecting a habeas petitioner's motion to supplement.[4] See

[3]Duran's Objections include a statement that he explained to the Court why he delayed bringing this amendment. See Objections at 7 ("Petitioner 'object's' [sic] and assert's [sic] he had presented an adequate explanation for the delay."). Duran then refers the Court to page one of his Motion to Supplement as proof. See Objections at 7. Review of that page and the rest of the Motion to Supplement unearths nothing that can be considered an explanation for the delay.

[4]Duran also argues that he did not delay addressing these bases for relief because he raised them on his direct appeal. See Objections at 8-9. Of course, the undue delay issue before the Court is Duran's delay in raising these claims in his federal Petition.

Objections at 10 (citing Lockheed Martin Corp. v. Network Solutions, Inc., 194 F.3d 980, 986 (9th Cir. 1999); United States v. Duffus, 174 F.3d 333, 337 (3d Cir. 1999); Coe v. Bell, 161 F.3d 320, 342 (6th Cir. 1998)). While these cases from other circuits stand for the proposition that undue delay, at least by itself, is either not dispositive in determining whether to provide leave to amend or is normally not a proper basis upon which to deny leave to amend,[5] the Tenth Circuit has held that "[u]ntimeliness alone may be a sufficient basis for denial of leave to amend." Las Vegas Ice & Cold Storage v. Far W. Bank, 893 F.2d 1182, 1185 (10th Cir. 1990). Accord United States v. Burbage, 280 F.App'x at 782. Additionally, Judge Wormuth has identified other relevant factors justifying denial of the request for leave to amend, including the futility of the amendment. See Lockheed Martin Corp. v. Network Solutions, Inc., 194 F.3d at 986 ("We consider four factors when reviewing a decision whether to permit an amendment: (1) bad faith on the part of the plaintiffs; (2) undue delay; (3) prejudice to the opposing party; and (4) futility of the proposed amendment.").

The Court agrees with Judge Wormuth that this case presents an even more compelling case for denial of the motion to amend on the basis of undue delay than the Tenth Circuit approved in United States v. Burbage. The Court overrules Duran's objection to the recommendation that the Court deny his Motion to Supplement on the basis of undue delay.[6]

---

[5]In each of the cases cited by Petitioner, the trial court's denial of amendment, which was based largely upon undue delay, was upheld on appeal. See Lockheed Martin Corp. v. Network Solutions, Inc., 194 F.3d at 986; United States v. Duffus, 174 F.3d at 337; Coe v. Bell, 161 F.3d at 342.

[6]Duran also argues that he expressly reserved his right to supplement his Petition with his new claims. See Objections at 9 ("Petitioner did alert this Court . . . of his intention's [sic] to amend all these claim's [sic] preserved in his statement of issues."). Nonetheless, such a "reservation" does not free Duran from the obligation to seek only proper amendments in a timely fashion.

## IV. THE COURT WILL OVERRULE DURAN'S OBJECTIONS TO JUDGE WORMUTH'S CONCLUSION THAT DURAN HAS NOT EXHAUSTED MANY OF THE CLAIMS ASSERTED IN HIS MOTION TO SUPPLEMENT.

Duran next disagrees with Judge Wormuth's proposed finding that many of his new claims asserted in the Motion to Supplement are unexhausted. See Objections at 11-12. More than challenging the finding of non-exhaustion, however, Duran instead urges the Court to ignore the exhaustion requirement. See Objections at 11-12. The Court cannot, however, ignore the law.

The Court may not grant a petition "for a writ of habeas corpus of a person in custody pursuant to the judgment of a State court" unless the petitioner first exhausted State remedies. 28 U.S.C. § 2254(b)(1)(A). However, a "writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. 2254(b)(2). In other words, absent an express waiver,[7] the Court may only consider unexhausted claims where it finds that they are meritless.[8] In either case, it would be futile to add Duran's new claims, because they would subsequently be denied on exhaustion grounds or for being meritless. Furthermore, some of the alleged violations Duran now seeks to assert, including various evidentiary rulings on matters such as the admission of non-expert testimony on

[7]As the Defendants did not file a response to the Motion to Supplement, no argument can be made that they expressly waived the exhaustion requirement as to the newly raised claims. Additionally, in the Respondents' Answer to Petition for Writ of Federal Habeas Corpus (28 U.S.C. § 2254), filed September 12, 2010 (Doc. 10)("Answer"), they asserted that they did not intend to waive the exhaustion requirement. Answer ¶ 11, at 10 ("Respondents do not expressly waive the exhaustion requirement.").

[8]Duran also points to an earlier proposed findings and recommended disposition in which Judge Wormuth addressed unexhausted claims. See Objections at 2. As Judge Wormuth expressly stated, however, he was free to ignore the exhaustion requirement only because he concluded the unexhausted claims were meritless. See Order Granting Motion for Reconsideration at 5-6, filed May 26, 2011 (Doc. 30)("I find that it is most efficient to ignore the exhaustion requirement . . . because I conclude [the claims] and Duran's petition as a whole lack merit.").

blood splattering, and the admission of bullets and shell cartridges as exhibits over objections that they were not relevant or unfairly prejudicial, see Motion to Supplement at 7-9, amount to at most violations of state law as opposed to federal law, Spears v. Mullin, 343 F.3d 1215, 1225 (10th Cir. 2003)("[F]ederal habeas review is not available to correct state law evidentiary errors; rather it is limited to violations of constitutional rights."). Accordingly, the Court overrules Duran's Objections on this point.[9]

## V. THE COURT WILL OVERRULE DURAN'S OBJECTIONS TO JUDGE WORMUTH'S CONCLUSIONS REGARDING APPELLATE COUNSEL ERRORS.

Several of Duran's Objections are conclusory. The first such objection contends that Judge Wormuth was wrong to find that Duran did not clearly identify certain bases of error. See Objections at 4. In his Motion to Supplement, Duran insisted that his appellate counsel was ineffective for failing to raise five claims. See Motion to Supplement at 3-4. As Judge Wormuth noted in his recitation of the numerous possible claims made by Petitioner, the five grounds were not clear. See PFRD at 2. Duran objects, based upon his belief that he explained them, and cites to several pages of his petition. See Objections at 4. Although the Court agrees with Judge Wormuth that the claims are not clearly explained, it does not appear that Judge Wormuth based any of his recommendations on that incomprehensibility. See PFRD at 2. Because this characterization was not dispositive of any recommendation, the Court overrules Duran's objection.

[9] Duran also makes repeated references to his desire for the Court to use "plain error" review as a basis for reviewing his unexhausted claims. Objections at 17. Plain-error review is not a concept applicable to exhaustion. Rather, plain error review is principally a matter of concern in reviewing errors that were not objected to. See generally Morales-Fernandez v. INS, 418 F.3d 1116 (10th Cir. 2005)(discussing plain-error concept in context of failures to object to PFRD's when there were no objections). Plain error is not an alternative to the statutory requirement of exhaustion. Moreover, in cases where a court would somehow reach unexhausted claims, the court would apply a de novo standard of review that would be more favorable to Duran than plain-error review. See Douglas v. Workman, 560 F.3d 1156, 1170-71 (10th Cir. 2009).

## VI. THE COURT OVERRULES DURAN'S OBJECTION TO JUDGE WORMUTH'S FINDING THAT THE NEW CLAIMS ARE, IN PART, DUPLICATIVE CLAIMS.

Duran next contends that the claims that the PFRD identified as duplicative of those already addressed in Judge Wormuth's earlier rulings are not, in fact, duplicative. See Objections at 13-15. The Court's review of the PFRD and the objections reveals that many of the claims are, as the PFRD indicates, duplicative. Moreover, Judge Wormuth recommended denying the addition of these claims because of their futility and because of Duran's delay in raising them. The Court agrees that these claims should not be added for those reasons. According, the Court overrules Duran's objection on this point.

## VII. THE COURT OVERRULES DURAN'S REQUEST FOR FURTHER SUPPLEMENTATION.

In the latter portions of Duran's Objections, he appears to move the Court to grant him the right to amend his Objections to the proposed findings and recommended disposition that recommends denial of his previous attempt to amend. See Objections at 8 ("Further, Petitioner, Petition's [sic] this Court to 'reserve' the right to amend these objection's [sic] because Magistrate Judge did not rule on Petitioner's Motion Doc. 55. before the time allowed November 17, 2011. Per Doc. 54."). First, Duran is mistaken, in that his Motion for Extension of Time was granted three days before the deadline for objections. See Doc. 56. Second, the Court accepted Duran's Objections, even though they were filed beyond the extended time period for filing objections. Regardless, Duran gives no reason why he should be permitted to supplement his Objections. Assuming that Duran is requesting further time to file or amend his objections, the Court will deny the request.

In conclusion, Duran presents a variety of Objections -- several of them amounting to no

more than a statement that he objects followed by an extended quotation of the PFRD.[10] To the extent that Duran has managed to object to the substance of the PFRD, the Court finds that his objections lack a sound basis in the law and the facts of this case. Accordingly, the Court overrules each of Duran's Objections.

**IT IS ORDERED** that the Court will deny the requests that it recuse itself contained in: (i) the Letter from Steve Robert Duran to the Court (dated March 19, 2012), filed March 19, 2012 (Doc. 60); and (ii) the Letter from Steve Robert Duran to the Honorable Robert C. Brack, United States District Judge (dated March 19, 2012)(Doc. 59). The Court will adopt the Magistrate Judge's Proposed Findings and Recommended Disposition on Petitioner's Motion to Supplement his Petition, filed October 31, 2011 (Doc. 54), are adopted. The Court will deny the Petitioner's Motion to Supplement Unexhausted and Procedurally Defaulted Claim's [sic] and Exhibit's [sic] for "Fundamental Error Review" to Doc. 20, filed August 22, 2011 (Doc. 49). The Court will overrule the Petitioner's Objection's [sic] to the Magistrate's [sic] Judge's Proposed Finding's [sic] and Recommended Disposition on Petitioner's Motion to Supplement and Reserve's [sic] the Right to Amend Objections, filed November 28, 2011 (Doc. 57). The Court will deny any requests Petitioner Steve Robert Duran has made to reserve the right to further supplement his pleadings.

UNITED STATES DISTRICT JUDGE

---

[10]Insofar as any of the more incoherent portions of the Objections or the extended quotations of the PFRD could be construed as objections, the Court finds that nothing appearing in Duran's Objections persuades the Court to question the PFRD's reasoning. Accordingly, any objections that the Court could not specifically discern from the Objections are likewise overruled.

*Parties and Counsel:*

Steve Robert Duran

Northeast New Mexico Detention Facility
Clayton, New Mexico

*Plaintiff pro se*

Gary K. King
Attorney General for the State of New Mexico
Margaret E. McLean
Assistant Attorney General
Santa Fe, New Mexico

*Attorneys for the Defendants*