# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

STEVE ROBERT DURAN,

      Petitioner,

vs.                                                                                    No. CIV 10-0743 JB/GBW

ERASMO BRAVO, Warden,
Guadalupe County Correctional
Facility, and GARY KING, New Mexico
Attorney General,

      Respondents.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on: (i) the Joint Motion Rule 60(b)(1)(6) [sic],

Grounds for relief from a Final Judgment, Order, or Proceeding; and Motion's Rule 52(b), Amended

or Additional Findings. Accompanying, Rule 59(a)(2)(e), the Court May Open the Judgment if One

Has Been Entered and Altering or Amending a Judgment, Petitioner "Alerts" the Court the Simple

Filing of Rule 52 and 59 Are a Precautionary Mechanism to Preserve His Appeal Rights due to the

28 Days Allowed by Rule 59(e) to Prevent Expiration of the Time to Appeal.  Petitioner Request

[sic] to Amend this Simple Filing upon the Court's Ruling on Relief of Motion Rule 60(b)(1)(6) Fed

Civ. P. Due to the Late Service of Doc. 61, filed May 10, 2012 (Doc. 66)("Motion to Reconsider");

and (ii) Joint Motion, Rule 52(b), "Amending or Additional Findings" Accompanying, Rule

59(a)(2)(e) "The Court May Open the Judgment if One Has Been Entered and Altering or Amending

a Judgment."  The Order Overruling Petitioner's Objections and Adopting Magistrates [sic] PFRD

and Order of Final Judgment Was Entered on 4-18-2012, Doc's 62 and 63/and [sic] Petitioner Enters

Motion for Appointment of Counsel Pursuant to Criminal Justice Act U.S.C. § 3006A as Amended

2004. (1)(a) and (2)(a), (12), (b), (2) [sic] "Will Not be Deprived of Any Element of Representation

Necessary to an Adequate Defense for Lack of Financial Resources. Representation Required, Person Unable to Obtain Adequate Representation, Who Is, Facing Loss of Liberty in a Case and Federal Law Requires Appointment of Counsel. And in the Interest of Justice Requires Seeking Relief Under 28 U.S.C. § 2254." Due to the District Courts [sic] Overruling His Objections Due to Incomprehensibility and Experiencing Great Difficulty, Given that Several of Duran's Objections Referenced Multiple Claims and Did Not Clearly Delineate Between the Case Law He Was Citing and the Facts of His Case." [sic] See Doc. 62, at 7. Petitioners [sic] Claims Were Overlooked and Not Addressed, as a Result, His Right to Due Process Is Being Violated, filed May 21, 2012 (Doc. 68)("Second Motion to Reconsider"). The primary issues are: (i) whether the Court erred in finding Petitioner's Objection's [sic] to the Magistrate's [sic] Judge's Proposed Finding's [sic] and Recommended Disposition on Petitioner's Motion to Supplement and Reserve's [sic] the Right to Amend Objection, filed November 28, 2011 (Doc. 57)("Nov. 28, 2011 Objections"), untimely; (ii) whether the Court left unaddressed any issues in its Order Overruling Objections and Adopting Proposed Findings and Recommended Disposition, filed April 18, 2012 (Doc. 62)("Second Order"); (iii) whether there is any reason to alter or amend the final judgment pursuant to rule 59(e) of the Federal Rules of Civil Procedure; and (iv) whether there is any reason to grant relief from the final judgment pursuant to rule 60(b)(1) or (b)(6) of the Federal Rules of Civil Procedure.[1] The Court

---

[1]Petitioner Steve Robert Duran also brings his motions pursuant to rule 52(b) of the Federal Rules of Civil Procedure and asks that the Court amend its "findings." Motion to Reconsider at 3; Second Motion to Reconsider at 3. Because the Court did not make any findings of fact or conclusions of law pursuant to rule 52(a), this request is more appropriately addressed pursuant to rules 59(e) and 60(b). Accordingly, the Court will not address rule 52 and will deny the motions with respect to any requests Duran makes under that rule.

will deny both motions.[2]  The Court concludes that there is no reason to alter, amend, or grant relief from the final judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Given the exhaustive factual and procedural background supplied in the Proposed Findings and Recommended Disposition, filed May 26, 2011 (Doc. 31)("First PFRD"), the Court will only briefly summarize the background of this case.  See First PFRD at 1-12.  In 2005, Petitioner Steve Robert Duran was found guilty of Murder in the First Degree, Possession of Methamphetamine, Possession of Heroin, Possession of Drug Paraphernalia, and Felon in Possession of a Firearm. See First PFRD at 11.  For those crimes, Duran a sentence of life imprisonment plus eighteen-and-one-half years.  See First PFRD at 11-12.  Over the next four years, Duran's case was affirmed on direct appeal and his state habeas petitions were denied.  See First PFRD at 12.

On August 6, 2010, Duran filed his Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody, filed August 6, 2010 (Doc. 1)("Petition").  First PFRD at 12. The Court referred this matter to the Honorable Gregory B. Wormuth, United States Magistrate Judge, for proposed findings and a disposition.  See Order of Reference Relating to Bankruptcy Appeals, Social Security Appeals, Prisoner Cases, Non Prisoner Pro Se Cases and Immigration Habeas Corpus Proceedings at 1, filed August 10, 2010 (Doc. 3).  On May 26, 2011, Judge Wormuth issued the First PFRD recommending that the Court deny the Petition with prejudice.  See First PFRD at 1.  On August 22, 2011, Duran filed a motion to supplement his Petition.  See Motion to

---

[2]Although the Court does reconsider the timeliness of the Nov. 28, 2011 Objections and find that they were timely filed, Duran's requested relief is that the Court amend, or grant relief from, the Final Judgment.  Because the Court will not alter, amend, or grant relief from the Final Judgment, the Court will deny the Motion to Reconsider -- rather than grant it in part and deny it in part.

Supplement Unexhausted and Procedurally Defaulted Claims and Exhibits for "Fundamental Error Review" to Doc. 20, Petitioner's Amended Pleading's [sic] to Federal Writ of Habeas Corpus 28 U.S.C. § 2554, filed August 22, 2011 (Doc. 49)("Motion to Supplement").  Judge Wormuth  issued a second PFRD recommending denial of the Motion to Supplement, because of  timeliness issues and because of Duran's failure to exhaust many of the additional claims.  See Proposed Findings and Recommended Disposition on Petitioner's Motion to Supplement, filed October 31, 2011 (Doc. 54)("Second PFRD").  On September 21, 2011, Duran filed his Objections to the Magistrate Judge's First PFRD.  See Doc. 51 ("Sept. 21, 2011 Objections").  On November 28, 2011, Duran filed the Nov. 28, 2011 Objections to the Second PFRD.  See Doc. 57.  While the Court considered Duran's objections, Duran filed, on January 6, 2012, a Motion or Reconsideration of the First PFRD.  See Doc. 58.  Duran also filed two letters asking that the Court recuse itself from the case.  See Letter from Steve Robert Duran to the Court (dated March 19, 2012), filed March 19, 2012 (Doc. 60); Letter from Steve Robert Duran to the Honorable Robert C. Brack, United States District Judge (dated March 19, 2012), filed March 30, 2012 (Doc. 59).

        The Court responded to the PFRDs, motions, and objections in two orders.  On April 5, 2012, the  Court  entered  its  Order  Overruling  Objections  and  Adopting  Proposed  Findings  and Recommended Disposition.  See Doc. 61 ("First Order").  In its First Order, the Court held that: (i) it need not and should not recuse itself from the case; (ii) Duran's objections to the Second PFRD were untimely; (iii) Duran had acted with undue delay in seeking leave to amend his Petition; (iv) Judge Wormuth had correctly determined that Duran had not exhausted many of the claims in the Motion to Supplement; (v) several of the new claims Duran alleged were duplicative; and (vi) further supplementation was inappropriate.  See First Order at 6-17.  In its Second Order, the Court denied all of Duran's motions, adopted the First PFRD, and dismissed the Petition with

prejudice.  See Doc. 62.  The Court determined that: (i) several of Duran's objections were

incomprehensible; (ii) several of the objections stated no more than his disagreement with Judge

Wormuth; (iii) the absence of certain DNA evidence in his state case did not constitute a

constitutional violation; (iv) Judge Wormuth set forth the correct standard of review; (v) Duran was

not entitled to an evidentiary hearing; (v) there was sufficient evidence of first degree murder;

(vi) the violations of Duran's Miranda rights[3] and confrontation rights were harmless error; (vii)

Duran's counsel, Gary Mitchell, was not ineffective; (viii) there was no cumulative error; and (ix)

there was no basis to reconsider the First PFRD.  See Second Order at 7-31.  A final judgment to that

effect was filed contemporaneously.  See Final Judgment at 1, filed April 18, 2012 (Doc. 63).

    Since the Court dismissed this matter with prejudice, Duran has filed the Motion to

Reconsider and the Second Motion to Reconsider.  See Docs. 66, 68.[4]  The Motion to Reconsider

---

[3]See Miranda v. Arizona, 384 U.S. 436,478-79 (1966)(holding that, "when an individual is taken into custody or otherwise deprived of his freedom by the authorities in any significant way and is subjected to questioning, the privilege against self-incrimination is jeopardized," and stating that "[p]rocedural safeguards must be employed to protect the privilege and unless other fully effective means are adopted to notify the person of his right of silence and to assure that the exercise of the right will be scrupulously honored," law enforcement officers must warn the individual that he has the right to remain silent, that he has the right to the presence of an attorney, and that, if he cannot afford an attorney, one will be appointed for him).

[4]Duran also sent two letters to the Clerk of Court and to the Court.  See Letter to Matt Dykman from Steve Robert Duran (dated April 26, 2012), filed May 1, 2012 (Doc. 64)("April 26, 2012 Letter"); Letter to the Court from Steve Robert Duran (dated April 27, 2012), filed April 27, 2012 (Doc. 65)("April 27, 2012 Letter").  In these letters, "Petitioner request [sic] an immediate modification or alteration of the filing date of Doc. 61."  April 26, 2012 Letter at 2.  This request is based on Duran's assertion that he did not promptly receive the Court's First Order, and therefore "won't have enough time to file my post-judgment motions under Fed. Civ. Rules of Procedure 52 and Rule 59."  April 27, 2012 Letter at 1.  Nonetheless, Duran filed both his motions for reconsideration within the 28-day deadline under rule 59 of the Federal Rules of Civil Procedure, because, as a prisoner, the date of filing is the date on which Duran submitted his materials for mailing.  See Price v. Philpot, 420 F.3d 1158, 1164 (10th Cir. 2005).  Here, Duran submitted the Second Motion to Reconsider on May 16, 2012, which means that the filing is timely, even though the Court did not receive the Second Motion to Reconsider until May 21, 2012.  The Court therefore

focuses on the Court's adoption of the Second PFRD regarding Petitioner's Motion to Supplement. See Motion to Reconsider at 2. The Second Motion to Reconsider focuses on the Court's adoption of the First PFRD -- which decided the merits of the Petition and dismissed the Petition with Prejudice. See Second Motion to Reconsider at 2. Subsequently, on May 24, 2012, Duran filed his "Notice of Appeal" [sic] "Hold in Abeyance." Doc. 69 ("Notice of Appeal").

## LAW REGARDING MOTIONS TO RECONSIDER UNDER RULES 59(e) AND 60

Rule 59(e) provides: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Rule 60 provides in relevant part:

> (b) **Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1)  mistake, inadvertence, surprise, or excusable neglect;
>
> (2)  newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3)  fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4)  the judgment is void;

---

denies these requests as moot. Additionally, although Duran complains that he did not receive the Court's First Order in a timely manner, Duran appears to have received the Court's Second Order and Final Judgment promptly. The Court notes that Duran's time to file a motion pursuant to rule 59 does not begin to run until the entry of a final judgment. See Fed. R. Civ. P. 59(e). Accordingly, Duran's 28-day clock did not begin to run until after April 18, 2012. "[N]either rule 59 nor rule 60 apply to interlocutory orders a district court considers before entry of a final judgment." Dombos v. Janecka, No. 09-0200, 2012 WL 1372258, at *3 (D.N.M. April 12, 2012)(Browning, J.). It appears that, by April 26, 2012, Duran had received both of the Court's orders and the Final Judgment, leaving Duran plenty of time to file his motions to reconsider. See April 26, 2012 Letter at 1. Ordinarily, the Court cannot grant an extension of time to file a rule 59(e) motion, even if the movant did not receive timely notice of the judgment. See Fed. R. Civ. P. 6(b)(2). See also Watson v. Ward, 404 F.3d 1230, 1232 (10th Cir. 2005)(finding that the district court lacked jurisdiction over 59(e) motion despite "regrettable" fact that party did not receive timely notice of judgment at issue).

> (5)     the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6)     any other reason that justifies relief.
>
> (c)     **Timing and Effect of the Motion.**
>
>> (1)     **Timing.**   A motion under Rule 60(b) must be made within a reasonable time -- and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.
>>
>> (2)     **Effect on Finality.**   The motion does not affect the judgment's finality or suspend its operation.

Fed. R. Civ. P. 60(b)-(c).  The United States Court of Appeals for the Tenth Circuit has recognized:

> Generally, a "motion for reconsideration, not recognized by the Federal Rules of Civil Procedure, <u>Clough v. Rush</u>, 959 F.2d 182, 186 n.4 (10th Cir. 1992), may be construed in one of two ways: if filed within 10 days of the district court's entry of judgment, it is treated as a motion to alter or amend the judgment under Rule 59(e); if filed more than 10 days after entry of judgment, it is treated as a motion for relief from judgment under Rule 60(b)." <u>Computerized Thermal Imaging, Inc. v. Bloomberg, L.P.</u>, 312 F.3d 1292, 1296 n.3 (10th Cir. 2002).

<u>Price v. Philpot</u>, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005).  The time limit in rule 59(e) is now twenty-eight days rather than ten days.  <u>See</u> Fed. R. Civ. P. 59(e).  A motion for reconsideration is an "inappropriate vehicle[] to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion."  <u>Servants of Paraclete v. Does</u>, 204 F.3d 1005, 1012 (10th Cir. 2000).  "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."  <u>Servants of Paraclete v. Does</u>, 204 F.3d at 1012.  "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law."  <u>Servants of Paraclete v. Does</u>, 204 F.3d at 1012.  A district court has considerable discretion in

ruling on a motion to reconsider.  See Phelps v. Hamilton, 122 F.3d 1309, 1324 (10th Cir. 1997).

Rule 60 authorizes a district court to "[o]n motion and just terms . . . relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons," including "any other reason that justifies relief."  Fed. R. Civ. P. 60(b).  A court cannot enlarge the time for filing a rule 59(e) motion.  See Brock v. Citizens Bank of Clovis, 841 F.2d 344, 347 (10th Cir. 1988)(holding that district courts lack jurisdiction over untimely rule 59(e) motions); Plant Oil Powered Diesel Fuel Sys., Inc. v. ExxonMobil Corp., No. 11-0103, 2012 WL 869000, at *2 (D.N.M. Mar. 8, 2012)(Browning, J.)("The Court may not extend the time period for timely filing motions under Rule 59(e) . . . .").  "A motion under rule 59 that is filed more than 28 days after entry of judgment may be treated as a Rule 60(b) motion for relief from judgment."  12 J. Moore, Moore's Federal Practice § 59.11[4][b], at 59-32 (3d ed. 2011)(citations omitted).  Nevertheless, a court will not generally treat an untimely rule 59(e) motion as a rule 60(b) motion when the party is seeking "'reconsideration of matters properly encompassed in a decision on the merits' contemplated by Rule 59(e)."  Jennings v. Rivers, 394 F.3d 850, 854 (10th Cir. 2005).

Rule 60(b)(6) is a "grand reservoir of equitable power to do justice in a particular case." Van Skiver v. United States, 952 F.2d 1241, 1244 (10th Cir. 1991)(internal quotation marks omitted). District courts generally may grant relief under this provision, however, only in extraordinary circumstances.  See Sindar v. Garden, 284 F.App'x 591, 596 (10th Cir. 2008)(unpublished).  As the Tenth Circuit discussed in Van Skiver v. United States:

> The kind of legal error that provides the extraordinary circumstances justifying relief under Rule 60(b)(6) is illustrated by Pierce [v. Cook & Co., 518 F.2d 720, 722 (10th Cir. 1975)(en banc)].  In that case, this court granted relief under 60(b)(6) when there had been a post-judgment change in the law "arising out of the same accident as that in which the plaintiffs . . . were injured."  Pierce, 518 F.2d at 723.  However, when the post-judgment change in the law did not arise in a related case, we have held that "[a] change in the law or in the judicial view of an established rule of law" does not

justify relief under Rule 60(b)(6).  <u>Collins v. City of Wichita</u>, 254 F.2d 837, 839
(10th Cir. 1958).

952 F.2d at 1244-45.

Notably, neither rule 59 nor rule 60 apply to interlocutory orders a district court reconsiders
before entry of final judgment.  Rule 59(e) states: "A motion to alter or amend a judgment must be
filed no later than 28 days <u>after the entry of the judgment</u>."  Fed. R. Civ. P. 59(e) (emphasis added).
<u>Accord</u> <u>Van Skiver v. United States</u>, 952 F.2d at 1243 ("In this case, plaintiffs' motion to reconsider
was not served within ten days of the district court's judgment."); 12 J. Moore, <u>supra</u> § 59.11[1][a],
at 59-26 ("A motion for a new trial must be filed no later than 28 days after the entry of judgment,
regardless of when or whether the parties received notice of the entry of the judgment." (citations
omitted)).  As the note to the 1946 amendment to rule 60 emphasizes in a discussion of the choice
to add the word "final" within rule 60(b):

> The addition of the qualifying word "final" emphasizes the character of the
> judgments, orders or proceedings from which Rule 60(b) affords relief; and hence
> interlocutory judgments are not brought within the restrictions of the rule, but rather
> they are left subject to the complete power of the court rendering them to afford such
> relief from them as justice requires.

Fed. R. Civ. P. 60 advisory committee's note to 1946 amendment.  <u>Accord</u> 12 J. Moore, <u>supra</u>
§ 60.23, at 60-82 ("Rule 60(b) does not govern relief from interlocutory orders, that is to say any
orders in which there is something left for the court to decide after issuing the order."); 11 C.
Wright, A. Miller & M. Kane, <u>Federal Practice and Procedure</u> § 2852, at 233 (2d ed. 1995)("Thus,
the power of a court to modify an interlocutory judgment or order at any time prior to final judgment
remains unchanged and is not limited by the provisions of Rule 60(b).");  11 C. Wright, A. Miller
& M. Kane, <u>supra</u> § 2866, at 390 ("The one-year limit on motions under the first three clauses runs

from the date the judgment was entered in the district court.").[5]

The Tenth Circuit has recognized that a district court has broad discretion to reconsider its interlocutory rulings before the entry of judgment.  See Rimbert v. Eli Lilly & Co., 647 F.3d 1247, 1251 (10th Cir. 2011)("[D]istrict courts generally remain free to reconsider their earlier interlocutory orders.").  That discretion extends to rulings on partial summary judgment motions.  See Fye v. Okla. Corp. Comm'n, 516 F.3d 1217, 1223-24 n.2 (10th Cir. 2008)("The District Court's partial summary judgment ruling was not a final judgment.  Thus, Ms. Fye's motion for reconsideration is considered an 'interlocutory motion invoking the district court's general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment.'").

**LAW REGARDING DISTRICT COURT JURISDICTION PENDING APPEAL**

The general rule is that, when a litigant files a notice of appeal, the district court loses jurisdiction over the case, save for collateral matters not involved in the appeal.  See McKissick v. Yuen, 618 F.3d 1177, 1196 (10th Cir. 2010); City of Cookeville v. Upper Cumberland Elec. Membership Corp., 484 F.3d 380, 394 (6th Cir. 2007).  A district court generally retains jurisdiction, however, to enforce its judgments.  See City of Cookeville v. Upper Cumberland Elec. Membership Corp., 484 F.3d at 394.  See also Chaganti & Assocs., P.C. v. Nowotny, 470 F.3d 1215, 1223 (8th Cir. 2006); Blue Cross & Blue Shield Ass'n v. Am. Express Co., 467 F.3d 634, 638 (7th Cir. 2006); Avendano v. Smith, No. 11-0556, 2011 WL 5223041, at *21 (D.N.M. Oct. 6, 2011)(Browning, J.).  Furthermore, a district court retains jurisdiction to enforce its orders or judgments through contempt

---

[5]Certain proceedings that are not traditional lawsuits, such as a suit filed under rule 27(a) of the Federal Rules of Civil Procedure to perpetuate testimony through a pre-suit deposition, will not necessarily require a final judgment when the proceeding comes to an end.  See Fed. R. Civ. P. 27(a).  Rule 60(b) acknowledges this possibility by referring to final orders and proceedings along with final judgments.  See Fed. R. Civ. P. 60(b) & note to 1946 amendment.  Accord 12 J. Moore, supra § 60.23, at 60-80 ("Rule 60(b) permits relief 'from a final judgment, order, or proceeding." (emphasis in original)).

-10-

proceedings following the filing of an appeal.  See Chaganti & Assocs., P.C. v. Nowotny, 470 F.3d at 1223.  "If the judgment has been stayed or superseded, then the district court may not enforce it."  Avendano v. Smith, 2011 WL 5223041, at *4 (citing Santibanez v. Wier McMahon & Co., 105 F.3d 234, 238 (5th Cir. 1997)).

Rule 4(a)(4)(A) of the Federal Rules of Appellate Procedure provides:

(A)     If a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:

    (i)      for judgment under Rule 50(b);

    (ii)     to amend or make additional factual findings under Rule 52(b), whether or not granting the motion would alter the judgment;

    (iii)    for attorney's fees under Rule 54 if the district court extends the time to appeal under Rule 58;

    (iv)     to alter or amend the judgment under Rule 59;

    (v)      for a new trial under Rule 59; or

    (vi)     for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered.

Fed. R. App. P. 4(a)(4)(A).  Rule 4(a)(4)(B)(i) of the Federal Rules of Appellate Procedures provides:

If a party files a notice of appeal after the court announces or enters a judgment -- but before it disposes of any motion listed in Rule 4(a)(4)(A) -- the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.

Fed. R. App. P. 4(a)(4)(B)(i).  The United States Court of Appeals for the Second Circuit has held that a motion filed under rule 60(b) that is filed after the time period prescribed in rule 4(a)(4)(A) does not trigger rule 4(a)(4)(B)(i) of the Federal Rules of Appellate Procedure:

As the time for filing a Rule 59 motion cannot be enlarged, the District Court should have construed the untimely motion for a new trial as one for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b).   Nevertheless, according to its terms, Federal Rule of Appellate Procedure 4(a)(4) only stays the effectiveness of the notice of appeal if a pending Rule 60(b) motion was filed within ten days of the entry of judgment.

Burns v. King, 160 F.App'x 108, 111 n.2 (2d Cir. 2005)(unpublished)(citations omitted).

The Tenth Circuit has recognized that, in circumstances where a notice of appeal has been filed yet there is still a pending rule 60(b) motion for the district court to consider, the district court has jurisdiction to deny the motion on the merits but lacks jurisdiction to grant the motion.  See Aldrich Enters., Inc. v. United States, 938 F.2d 1134, 1143 (10th Cir. 1994)("Although it lacked jurisdiction to grant the Rule 60(b)(2) motion due to the appeal in No. 88-2575, the court was free to consider the motion, and the court could then . . . deny it on the merits . . . .").  If the district court is inclined to grant the rule 60(b) motion, the Tenth Circuit has instructed that a district court should "notif[y] [the Tenth Circuit] of its intention to grant the motion upon proper remand."  Aldrich Enters., Inc. v. United States, 938 F.2d at 1143.

## ANALYSIS

Duran asserts that his motions for reconsideration are appropriate under three Federal Rules of Civil Procedure.  Specifically, Duran cites rules 59, and 60 as bases for granting his motions.  The Court will deny his motions.  There is no basis to justify altering, amending, or granting relief from the Final Judgment.

## I.  DURAN'S NOTICE OF APPEAL DID NOT DIVEST THE COURT OF JURISDICTION.

Generally, when a litigant files a notice of appeal, the district court loses jurisdiction over the case, save for collateral matters not involved in the appeal.  See McKissick v. Yuen, 618 F.3d at 1196.  On the other hand, the Tenth Circuit has recognized that, in circumstances where a notice

-12-

of appeal is filed before a motion for reconsideration, the district court has jurisdiction to deny the motion on the merits but lacks jurisdiction to grant the motion.  See Aldrich Enters., Inc. v. United States, 938 F.2d at 1143 ("Although it lacked jurisdiction to grant the Rule 60(b)(2) motion due to the appeal . . . , the court was free to consider the motion and the court could then . . . deny it on the merits . . . .").  The Tenth Circuit has instructed that, if the district court is inclined to grant reconsideration, a district court should "notif[y the Tenth Circuit] of its intention to grant the motion upon proper remand."  Aldrich Enters., Inc. v. United States, 938 F.2d at 1143.

Rule 4(a)(4)(A) of the Federal Rules of Appellate Procedure, however, provides that, if a party files a notice of appeal after the entry of a final judgment but before the court disposes of a motion to reconsider pursuant to rule 59 or 60 filed within 28 days of the entry of judgment,  "the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered."  Fed. R. App. P. 4(a)(4)(B)(i).  Duran filed an assortment of items with the Court before noticing his appeal.  See Motion to Reconsider at 1; Second Motion to Reconsider at 1; April 26, 2012 Letter at 1; April 27, 2012 Letter at 1.  Each of Duran's motions was timely under the relevant rules.[6]  Because of the timely filing of post-judgment motions, the Notice of Appeal has not yet become effective, and, therefore, the Court retains jurisdiction to decide the motions to reconsider.

## II.   **THE COURT WILL DENY THE MOTION TO RECONSIDER.**

The Court will deny the Motion to Reconsider.  The Court agrees that the Nov. 28, 2011 Objections were timely.  The Court concludes, however, that it should not alter or amend the Final

---

[6]Although the last of the motions was received beyond the 28-day timeframe, Duran avers in a properly notarized statement that he mailed the filing on May 16, 2012 -- which was within that timeframe.  See Second Motion to Reconsider at 12.  As Duran is a prisoner, the date of filing is the date on which he submitted his materials for mailing.  See Price v. Philpot, 420 F.3d at1164.

-13-

Judgment, because, in the First Order, after determining that the Objections were untimely, the Court

went on to consider Duran's Nov. 28, 2011 Objections and decide them on the merits.  See First

Order at 11-17 (finding that Duran acted with undue delay and overruling Duran's Nov. 28, 2011

Objections on the merits).  For the same reasons, the Court determines that it should not grant relief

from the Final Judgment.  Accordingly, there is no error under rule 59 or 60 sufficient to justify

altering, amending, or relieving Duran from the Final Judgment.

### A.   THE COURT RECOGNIZES THAT DURAN'S NOV. 28, 2011 OBJECTIONS WERE TIMELY.

Judge Wormuth granted Duran an extension of time in which to file his objections to the

Second PFRD, and the deadline was extended until November 24, 2011.  See Motion to Reconsider

at 8; Order Granting Petitioner's Motion for Extension of Time at 1, filed November 14, 2011 (Doc.

56)("Wherefore, IT IS HEREBY ORDERED that Petitioner's objections to the PFRD shall be no

later than November 24, 2011.").  November 24, 2011 was Thanksgiving Day and the Court

received his objections after the holiday on Monday, November 28, 2011.  See Motion to Reconsider

at 8.  Duran mailed the objections on November 17, 2011, "with a notarized statement for just this

reason."  Motion to Reconsider at 9.

Duran's Nov. 28, 2011 Objections were timely.  November 24, 2011 was Thanksgiving Day,

a legal holiday.  See Fed. R. Civ. P. 6(a)(6) (noting that a legal holiday means "the day set aside by

statute for observing New Year's Day, Martin Luther King Jr.'s Birthday, Washington's Birthday,

Memorial Day, Independence Day, Labor Day, Columbus Day, Veteran's Day, Thanksgiving Day,

or Christmas Day").  Accordingly, there was no mail service on November 24, 2011.  Additionally,

the United States District Court for the District of New Mexico was closed on Friday, November

25, 2011.  See Memorandum from the Honorable Bruce D. Black, Chief United States District Judge

-14-

(dated October 13, 2011).[7]  The next day that the Court was open and receiving mail was November 28, 2011 -- the day that Duran's Nov. 28, 2011 Objections arrived.  Moreover, in his Nov. 28, 2011 Objections, Duran stated "I hereby certify that on the 17[th] day of November I mailed vis U.S. Mail a true copy of the foregoing Motion Objections (PFRD) Doc. 54" to the Clerk of the Court, and Notary Public Angela Lucero notarized that statement.  Nov. 28, 2011 Objections at 19.  The prison mailbox rule, which the Supreme Court of the United States articulated in Houston v. Lack, 487 U.S. 266 (1988), holds that a pro se prisoner's notice of appeal will be considered timely if given to prison officials for mailing before the filing deadline, regardless of when the court receives the documents.  See 487 U.S. at 276.  The Tenth Circuit has applied the prison mailbox rule in habeas cases, and when analyzing the timeliness of objections to a magistrate judge's proposed findings and recommendations.  See Price v. Philpot, 420 F.3d 1158, 1164 (10th Cir. 2005); Dunn v. White, 880 F.2d 1188, 1190 (10th Cir. 1989)(considering the plaintiff's objections to the magistrate's report, despite being untimely filed in the district court, because he "mailed his objections from prison in a timely fashion").  In Price v. Philpot, the Tenth Circuit noted, "[w]e have already extended this mailbox rule beyond the notice of appeal context of Houston and have applied it to measure the timeliness of a federal inmate's initial filing of a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 . . . and to a state prisoner's filing of a habeas petition under 28 U.S.C. § 2254."  420 F.3d at 1164 (internal citations omitted).  Because Duran mailed his objections before the deadline and because the deadline fell on a legal holiday, the Court finds that Duran's Nov. 28, 2011 Objections were timely.

### B.   THE COURT'S HOLDING THAT DURAN'S OBJECTIONS WERE UNTIMELY DOES NOT JUSTIFY RELIEF UNDER RULE 59 OR 60.

---

[7]The Court has attached this memorandum as an exhibit to this Memorandum Opinion and Order.

In his Nov. 28, 2011 Objections, Duran objected to Judge Wormuth's findings: (i) that he acted with undue delay in seeking leave to amend or supplement his Petition; (ii) that his new claims were unexhausted and futile; and (iii) that some of his claims were duplicative.  See Nov. 28, 2011 Objections at 4-16.  The Court addressed each of these objections in its First Order and held that: (i) Duran acted with undue delay in seeking leave to amend; (ii) several of Duran's new claims were unexhausted; (iii) Duran's claims regarding his appellate counsel's error were unclear, but Judge Wormuth did not rely on this characterization; and (iv) several of Duran's claims were duplicative.  See First Order at 11-16.  The Court noted in its First Order that it "accepted Duran's Objections, even though they were filed beyond the extended time period for filing objections."  First Order at 16.

Grounds warranting a motion to reconsider pursuant to rule 59 include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."  Servants of Paraclete v. Does, 204 F.3d at 1012.  None of those factors are present here.  Although the Court erred in finding that Duran's Nov. 28, 2011 Objections were untimely, the Court considered and overruled those objections despite its finding that they were untimely.  A rule 59(e) motion is the appropriate vehicle "to correct manifest errors of law or to present newly discovered evidence."  Phelps v. Hamilton, 122 F.3d at 1324.  The relief it offers is to alter or amend a judgment.  Here, the Court's prior finding of untimeliness had no effect on the soundness of the Final Judgment and did not prejudice Duran, because the Court considered the merits of his objections.  See Hoffman v. Martinez, 92 F.App'x 628, 632 (10th Cir. 2004)(unpublished)(affirming the district court's denial of a rule 59(e) motion where "it was at most harmless error to dismiss most of these claims with prejudice and deny Mr. Hoffman an opportunity to amend").  Furthermore, neither rule 60(b)(1) nor (6), justify relief from the Final Judgment.  Rule

60(b)(1) permits relief from judgment for "mistake, inadvertence, surprise or excusable neglect." Fed. R. Civ. P. 60(b)(1).  Rule 60(b)(6) allows relief from a judgment for "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(6).  The Tenth Circuit has construed rule 60(b)(1) to permit relief from judgment based on mistake "when the judge has made a substantive mistake of law or fact in the final judgment or order."  Yapp v. Excel Corp., 186 F.3d 1222, 1231 (10th Cir. 1999). Here, because there was no substantive mistake in final judgment, the Court's error does not justify relief from the judgment.  The Court has previously held that, where the Court's ruling rests on two alternative holdings and only one is in error, the Court need not alter or amend the judgment. See Arnold v. Farmers Ins. Co. of Ariz., No. 09-0330, 2012 WL 1684537, at *10-11 (D.N.M. May 10, 2012)(Browning, J.)(holding that the Court did not modify its final judgment when it found that it erred in one holding, but that its alternative holding remained good law); Arnold v. Farmers Ins. Co. of Ariz., 827 F.Supp.2d 1289, 1301-02 (D.N.M. 2011)(Browning, J.)(granting in part and denying in part a motion for relief from judgment or to alter or amend the judgment where the Court erred in its initial holding, but its alternative holding remained good law).  The Court's holding that the Nov. 28, 2011 Objections were untimely is an alternative holding, because the Court went on to consider and reject those objections.  The United States Court of Appeals for the Fifth Circuit has recognized that, "even if the district court had purported to grant the first motion for reconsideration but, in the same order, had made it clear that the effect of the judgment was unchanged," there would be no amendment to the judgment.  Charles v. Ne. Indep. Sch. Dist., 884 F.2d 869, 870-71 (5th Cir. 1989).  Accordingly, the Court's finding that Duran's Nov. 28, 2011 Objections were untimely does not justify altering, amending, or granting relief from the Final Judgment.

### C.    NONE OF THE OTHER GROUNDS RAISED IN THE MOTION TO RECONSIDER JUSTIFY RELIEF UNDER RULE 59 OR 60.

Duran makes several other arguments in his Motion to Reconsider.  Duran argues that he was allowed only seven days to prepare his Motion to Reconsider.  See Motion to Reconsider at 5.  This argument is incorrect.  Duran received the Court's First Order on April 26, 2012.  See Motion to Reconsider at 2.  The Court entered the Final Judgment on April 18, 2012.  See Doc. 63.  Because the time for filing a rule 59(e) motion runs from the entry of judgment, Duran had twenty days, until May 16, 2012, to file a rule 59(e) motion.  The rest of Duran's arguments for reconsideration are an assortment of assertions that he disagrees with the Court's prior findings or that he believes the Court mishandled his arguments.  See, e.g., Motion to Reconsider at 11 (contending that the Order wrongly evaluated evidentiary questions).

With respect to rule 59(e), Duran does not point to any change in the law in the time since the Final Judgment was filed.  Nor does Duran highlight any new evidence that was previously unavailable when the Court issued its prior order.  Likewise, the Court finds nothing in any of Duran's filings that leads it to believe a clear error or manifest injustice occurred under the Court's First Order.  Thus, the Court finds that both motions are attempts at "relitigating old issues [or] presenting the case under new theories."  Otero v. Nat'l Distrib. Co., 627 F.Supp.2d 1232, 1238 (D.N.M. 2009)(Armijo, J.).  Because such actions are the province of appeal and not motions under rule 59(e), the Court will deny any other arguments in the Motion to Reconsider under rule 59.  With respect to further arguments pursuant to rule 60(b)(1), the Court will likewise deny the Motion to Reconsider.  In his Motion to Reconsider, Duran makes several assertions that "Petitioner disagrees with the Court."  Motion to Reconsider at 13-14.  "Rule 60(b) is not intended to be a substitute for a direct appeal."  Cashner v. Freedom Stores, Inc., 98 F.3d 572, 576 (10th Cir. 1996).  Duran asserts that the Court made a litany of mistakes in its First Order, but does not discuss any of these arguments in detail.  Duran argues that he disagrees with footnotes 7 and 8 of the First Order,

see Motion to Reconsider at 10, which note that the Defendants "asserted that they did not intend to waive the exhaustion requirement" and that Judge Wormuth was "free to ignore the exhaustion requirement only because he concluded the unexhausted claims were meritless," First Order at 14 n.7, n.8. Duran notes that the Defendants, in their answer, stated that the Court could address the claims on the merits and cites 28 U.S.C. § 2254(b)(2). Motion to Reconsider at 10. 28 U.S.C. § 2254(b)(2), however, provides that an "application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." Accordingly, the Court correctly decided those issues. Duran further asserts that the Court overlooked his due process claims and that the Court did not take into account cumulative error. See Motion to Reconsider at 11-13. The Court addressed those issues in both of its orders. In the First Order, the Court determined that many of the errors which Duran asserted were due process violations amounted to, at most, violations of state law. See First Order at 15. In the Second Order, the Court addressed the cumulative effect of the errors alleged. See Second Order at 29-30. Accordingly, the Court finds that it made no "substantive mistake of law or fact in the final judgment or order." Cashner v. Freedom Stores, Inc., 98 F.3d at 576. Rule 60(b)(6) is a "grand reservoir of equitable power to do justice in a particular case." Van Skiver v. United States, 952 F.2d at 1244. Success on rule 60(b)(6) is "difficult to attain" and is "appropriate only when it offends justice to deny such relief." Zurich N. Am. v. Matrix Serv., Inc., 426 F.3d 1281, 1293 (10th Cir. 2005). Because the Court sees no manifest injustice in its First Order, the Court will deny the Motion to Reconsider pursuant to rule 60(b)(6).

The Nov. 28, 2011 Objections were timely. This holding does not, however, justify altering or amending the Final Judgment, or granting relief from the Final Judgment. The Court also finds that there is no other basis to reconsider its First Order.

III.     **THE COURT WILL DENY THE SECOND MOTION TO RECONSIDER.**

  Duran asserts that the Court "overlooked addressing some issues" in its Second Order. Second Motion to Reconsider at 3.  Duran's objections to the First PFRD were 300 pages in length and were a convoluted combination of arguments.  <u>See</u> Second Order at 7.  Despite the length of the objections, the Court comprehensively reviewed his claims.  To make addressing Duran's objections a more manageable task, the "Court arrange[d] them categorically and addresse[d] them by categories."  Second Order at 7.

  A.     **THE COURT ADDRESSED MOST OF DURAN'S OBJECTIONS IN ITS SECOND ORDER.**

  The Court addressed most of the objections, in its Second Order, that Duran states it overlooked.  Duran asserts that the Court overlooked his ineffective-assistance-of-counsel assertion that Mr. Mitchell failed to strike several jurors who were favorable to the prosecution.  <u>See</u> Second Motion to Reconsider at 4.  The Court addressed Duran's juror bias concerns, however, when it overruled the objection and found:

> Many with connections to law enforcement state that -- and the Court believes them -- they will be fair and impartial; there is no per se rule against law enforcement sitting as jurors on a criminal case, and the courts and parties have to make judgments -- as with most jurors -- on an individual basis.

Second Order at 24.  The Court also addressed Duran's contention regarding exclusion of evidence. <u>See</u> Second Order at 9, 25.  Duran asserts that the Court did not address his objections regarding the "allegedly ambiguous jury instructions," Second Motion to Reconsider at 6; however, the Court overruled Duran's pair of objections "pertaining to the interaction between armed robbery and murder in the context of his verdict and in the context of the jury instructions," Second Order at 18 (citations omitted).  Duran also asserts that the Court overlooked his objection to the prosecutor interposing "himself as an expert witness, when he stated Petitioner subconsciously confessed to the

-20-

murder." Second Motion to Reconsider at 7. The Court addressed the prosecutor's remark that Duran made a subconscious confession at trial and noted that it agreed with Judge Wormuth's analysis. See Second Order at 25. With respect to Duran's cumulative error argument, see Second Motion to Reconsider at 7, the Court found that "what errors existed were harmless and too limited in number to constitute cumulative error," Second Order at 30. Duran argues that the Court has "apparently overlooked his objections on the Standard of Review on his state habeas corpus (IAC) Ineffective assistance of Counsel Claims." Second Motion to Reconsider at 8. The Court, however, stated that it overruled "the objections related to the standard of review" and explained that, because "the Court agrees with Judge Wormuth's analysis of Harrington v. Richter and his analysis of the State's treatment of Duran's claims, this objection is overruled." Second Order at 15-16. Accordingly, the Court has addressed most of the objections, which Duran states the Court overlooked.

## B. ALTHOUGH THE COURT LEFT SOME OBJECTIONS UNADDRESSED, THOSE OBJECTIONS LACK A SOUND BASIS IN THE LAW AND FACTS, AND DO NOT JUSTIFY ALTERING, AMENDING, OR GRANTING RELIEF FROM THE FINAL JUDGMENT.

In reviewing the 300 pages of objections, it appears that the Court did not address parts of Duran's objections. Although the Court addressed whether Mr. Mitchell was ineffective for failing to file a motion to suppress with respect to the blood evidence, the Court did not discuss whether Mr. Mitchell was ineffective for failing to move to suppress other evidence. See Second Motion to Reconsider at 3-4. Additionally, although the Court addressed several aspects of his counsel's performance, the Court did not address Duran's overarching objection that Mr. Mitchell failed to investigate or defend the case. See Second Motion to Reconsider at 6. Finally, although the Court addressed several of Duran's objections with respect to the jury instructions, it did not address jury

communications between the judge and jury, or the failure to poll the jury.  See Second Motion to Reconsider at 6.  The Court concludes that these objections lack a sound basis in the law or the facts, and will overrule them.  Accordingly, there is no sound basis for altering, amending, or granting relief from the Final Judgment.

Duran asserts that the shotgun shells were a different brand from those found at the crime scene and that the search warrant which resulted in the drug evidence was not "binding."  Second Motion to Reconsider at 4.[8]  In the Second PFRD, Judge Wormuth found that "Duran has not provided any evidence that a motion to suppress this evidence would have been meritorious."  Second PFRD at 76.  With respect to the shotgun shells, Duran gives no reason to support a motion to suppress.  He asserts that the "shotgun shells were irrelevant to the crime scene 9 mm casings" and that the "lone 9 mm bullet was inconsistent with the brands found at the crime scene."  Sept. 21, 2011 Objections at 191.  This sentence is the only reference to the shotgun shells found.  Relevancy is, however, an evidentiary question, see Fed. R. Evid. 401, and not a basis on which to exclude evidence in a motion to suppress, see United States v. Reyes-Vencomo, No. 11-2563, 2012 WL 843611, at *20 (D.N.M. Feb. 13, 2012)(Browning, J.)("When evidence is obtained in violation of

---

[8]In his Second Motion to Reconsider, Duran also asserts that the Court overlooked his argument that "the states [sic] forensic scientist that tested the drugs did not provide a seal of authentication."  Second Motion to Reconsider at 4.  The only references to scientific evidence in the Sept. 21, 2011 Objections are that the state "did not produce a legitimate drug test to validate a legal prosecution."  Sept. 21, 2011 Objections at 191.  Duran does not explain, in his objections, why the test was illegitimate or why his counsel was unreasonable.  In his Second Motion to Reconsider, Duran cites to a New Mexico rule of evidence, N.M.R.A. 11-902, to establish the illegitimacy of this evidence.  See Second Motion to Reconsider at 4.  N.M.R.A. 11-902 discusses self-authentication of evidence.  Duran further asserts that Mr. Mitchell stipulated to the forensic evidence, but does not explain why he believes that this actionw as objectively unreasonable or prejudicial to him.  Because Duran's objections do not identify the basis of his objection or explain why Judge Wormuth was incorrect, the Court will overrule this objection.  See Bagwell v. Safeway Denver Milk Plant, 437 F.App'x 689, 691 (10th Cir. 2011)(unpublished)("Under the firm waiver rule, failure to make timely and sufficiently specific objections to a magistrate judge's 'findings or recommendations waives appellate review of both factual and legal questions.'").

a person's constitutional rights, the police will be prohibited from using that evidence in a criminal prosecution of that person."). Duran does not identify a constitutional violation related to the shotgun shells or any other basis for a motion to suppress. With respect to the drugs and drug paraphernalia found, Duran asserts that the search warrant was issued on suspicion of murder, to search for guns or ammunition, and that it had nothing to do with drugs. See Sept. 21, 2011 Objections at 195. He asserts that the drugs and drug paraphernalia were found in a desk drawer. See Sept. 21, 2011 Objections at 195. When an officer, pursuant to a valid warrant, discovers evidence of another crime, seizure of that evidence is authorized under the "plain view" doctrine. In Horton v. California, 496 U.S. 128, 142 (1990), the Supreme Court of the United States found that a search was authorized where "the items seized from petitioner's home were discovered during a lawful search authorized by a valid warrant. When they were discovered it was immediately apparent to the officer that they constituted incriminating evidence. . . . The search was authorized by the warrant; the seizure was authorized by the 'plain-view' doctrine." 496 U.S. at 142. Here, according to Duran's statements, the police had a warrant to search for evidence of murder, including weapons, and, when the officers opened a drawer -- where one could conceivably hide a weapon or ammunition -- the officer discovered evidence of drugs instead. See Sept. 11, 2011 Objections at 195. Again, there does not appear to be a basis for a motion to suppress, because the officers had a valid warrant, were justified in searching the drawer, and it was immediately apparent that the drugs were contraband. Because Duran has not provided any evidence that a motion to suppress with respect to the shotgun shells or drug evidence would have been meritorious, he has not shown, as the Strickland v. Washington standard[9] requires, that Mr. Mitchell's performance was

---

[9]In Strickland v. Washington, 466 U.S. 668, 686 (1984), the Supreme Court established a two-part test for determining whether a criminal defendant's counsel was ineffective:

deficient.  Accordingly, the Court agrees with Judge Wormuth and will overrule Duran's objection.

Duran asserts that Mr. Mitchell failed to "conduct a proper investigation and interview witnesses before trial, call sufficient witnesses for Duran's defense, and impeach officers Yoakum and Robert Judd during cross-examination."  Second Motion to Reconsider at 6.  Judge Wormuth found that Mr. Mitchell was not ineffective in his investigation of Duran's case, because: (i) an investigative report shows that much of the investigative work was conducted several weeks before Duran's trial; (ii) it was reasonable for him to rely on the investigator's reports; (iii) Mr. Mitchell conducted powerful cross-examinations; and (iv) the only witnesses Duran identified were dead or unavailable.  See Second PFRD at 103-06.  The Court agrees with Judge Wormuth's assessment. Most of Duran's arguments center on preserving the testimony of Kermit Kwasigroch, a witness who died unexpectedly before trial, and finding an unidentified young man, who was also a witness. See Sept. 21, 2011 Objections at 266-76.  Judge Wormuth correctly notes that the investigator's report indicates that the investigation began at least nine and a half months before Duran's trial. See Second PFRD at 102-03; Case Update at 21-35, filed December 9, 2010 (Doc. 20-8)("Investigation Report").  The Investigation Report indicates that the investigator reviewed the evidence in the case and attempted to interview witnesses.  See Investigation Report at 35. Furthermore, "[a]n attorney' decision not to interview witnesses and to rely on other sources of information, if made in the exercise of professional judgment, is not ineffective assistance of

---

First, the defendant must show that counsel's performance was deficient. This requires a showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair [proceeding] . . . .

466 U.S. at 687.

counsel." United States v. Glick, 710 F.2d 639, 644 (10th Cir. 1983).  Accord Gilson v. Sirmons, 520 F.3d 1196, 1247.  Duran's arguments that perhaps witnesses would not have been hostile, if interviewed before trial, see Sept. 21, 2011 Objections at 273, is nothing more than speculation, which cannot properly support a habeas petition, see Rodriguez v. Roberts, 371 F.App'x 971, 976 (10th Cir. 2010)(unpublished).  The Court cannot say, on the record before it, that counsel acted unreasonably in failing to anticipate Kwasigroch's death or in failing to locate an unnamed potential witness.  Judge Wormuth notes that Mr. Mitchell effectively cross-examined Robert Judd and Officer David Yoakum, impeaching Judd on the inconsistencies in his testimony and eliciting several favorable admissions from Yoakum.  See Second PFRD at 104-05.  Mr. Mitchell called Officer T. Rollins, Duran's brother, and Duran as witnesses during the trial.  See Second PFRD at 106.  Duran states that Mr. Mitchell could have called Johnny Rodriguez as a witness.  See Sept. 21, 2011 Objections at 275.  According to the Investigation Report, Rodriguez heard the shots and then saw Mary Finnell, a witness, attempting to touch the victim.  See Investigation Report at 29.  "To be deficient, [counsel's] performance must be outside the wide range of professionally competent assistance.  In other words, it must have been completely unreasonable, not merely wrong." Hooks v. Workman, 606 F.3d 715, 723 (10th Cir. 2010)(citations omitted).  Counsel "need not be perfect, indeed not even very good, to be constitutionally adequate." McAfee v. Thurmer, 589 F.3d 353, 356 (7th Cir. 2009).  Furthermore, the decision to call a particular witness is a matter of trial strategy that the courts will rarely second guess.  See Boyle v. McKune, 544 F.3d 1132, 1139 (10th Cir. 2008)("[T]he decision of which witnesses to call is quintessentially a matter of strategy for the trial attorney.").  Here, Mr. Mitchell hired an investigator who spent significant time on the case, effectively cross-examined Judd and Yoakum, and called witnesses in Duran's defense.  Mr. Mitchell's performance was constitutionally adequate.  With respect to calling Rodriguez as a

-25-

witness, Duran has not shown that, but for his counsel's failure to call Rodiguez, the outcome of the proceeding would have been different.  See Strickland v. Washington, 466 U.S. at 687-88. Accordingly, the Court finds that Mr. Mitchell performed a constitutionally adequate investigation and put on a constitutionally adequate defense.  Additionally, if there was any error in failing to call Rodriguez, Duran cannot meet the Strickland v. Washington's prejudice prong.  The Court will therefore overrule this objection.

Finally, Duran asserts that the Court failed to address the communications between the judge and the jury, and Mr. Mitchell's failure to poll the jury.  See Second Motion to Reconsider at 6-7. Judge Wormuth found that the communications between the judge and the jury were harmless error, and that Duran could show no ineffective assistance of counsel for failing to poll the jury.[10]  See Second PFRD at 91-96.  Duran argues that the notes demonstrate that the jury did not understand the trial court's jury instructions and objects to Judge Wormuth's reliance on Smallwood v. Gibson, 191 F.3d 1257 (10th Cir. 1999).  See Sept. 21, 2011 Objections at 244-46.  With respect to polling the jury, Duran asserts that he trusted his counsel and that, without speaking to the jurors, he could not know whether they all agreed with the verdict.  See Sept. 21, 2011 Objections at 249.  "When an ex parte communication relates to some aspect of the trial, the trial judge generally should

---

[10]The following notes were given to the trial judge by the jury: (i) "Was the bedroom window open or closed when the police arrived?" note 1 on September 28, 2005; (ii) "I need to use the bathroom.  Do we wait until he is done with the witness," note 2 on September 28, 2005; (iii) "Can 9mm gun shoot any 9mm bullets" on September 28, 2005; (iv) "Could please speak into the microphone" note 3 on September 28, 2005; (v) "We would like to see the evidence" note 1 on September 29, 2005; (vi) "We would like to hear Mary Finnell's testimony and the 911 Tape of Mr. Judd and the testimony of Mr. Duran," note 2 on September 29, 2005; and (vii)"We do not have Mr. Judd's 911 call.  Are you getting this for us?" with the following note "Monitor went in and found tape for jurors," note 3 on September 29, 2005.  Doc. 20-5 at 3-6.  The following response was made to note 2 on September 29, 2005: "We are providing to you the 911 tape of Mr. Judd.  As to the testimony of Mary Finnell and Mr. Duran, you are required to rely upon your memory."  Doc. 20-5 at 7.

disclose the communications to counsel for all parties." Rushen v. Spain, 464 U.S. 114, 119 (1983). The judge informed the jury that it would be given a tape of Judd's 911 call, but that the jurors would have to rely on their memory of Duran's and Finnell's testimony.  See Second PFRD at 94. In United States v. Carter, 973 F.2d 1509 (10th Cir. 1992), the Tenth Circuit held that the trial court's instructions substantially mirrored the court's previous jury instructions and that "[t]his fact alone could render the error harmless."  973 F.2d at 1515.  See also United States v. Gomez, 67 F.3d 1515, 1529 (10th Cir. 1995)(finding harmless error where the defendant did not claim that the court's ex parte communication with the jury was factually inaccurate and only argued that he should have input in the response to the jury's question).  Similarly, here, the trial court had previously entered the 911 tape as evidence and previously told the jury that it would have to rely on its memory of the testimony presented at trial.  See Second PFRD at 94.  The Court agrees with Judge Wormuth that this case mirrors United States v. Carter and that, because the trial court's responses were substantially similar to earlier instructions, any error was harmless.  There is no evidence that the trial court responded to any other jury questions.  See United States v. Huddy, 62 F.App'x 903, 906 (10th Cir. 2003)(finding no error where the trial court decided not to respond to a juror question without first consulting the parties); Smallwood v. Gibson, 191 F.3d at 1280 n.14 ("To the extent that petitioner argues that the lack of a record is itself indicative that improper ex parte communications occurred between the judge and jury, we find his argument devoid of merit."). Furthermore, with respect to the argument that Mr. Mitchell was ineffective for failing to object to the communications, Duran cannot show prejudice under Strickland v. Washington, because the responses were based on earlier court decisions and instructions.  With respect to Mr. Mitchell's failure to poll the juror, Duran does not assert that he asked Mr. Mitchell to poll the jury.  The Court does not believe Mr. Mitchell's conduct was constitutionally inadequate in failing to poll the jury.

-27-

Even if it was an error to fail to poll the jury, Duran cannot show prejudice and that the outcome of his trial would have been different had Mr. Mitchell polled the jury.  See United States v. Leanos-Marquez, 206 F.App'x 647, 650 (8th Cir. 2006)(unpublished)("He cannot, moreover, successfully argue that he received ineffective assistance of counsel because he has not shown that he was prejudiced by counsel's failure to poll the jury."); United States v. Ambo, 64 F.App'x 416, 2003 WL 1524540, at *2 (5th Cir. 2003)(unpublished table decision)("Absent some indication that the jury's verdict was not unanimous, counsel did not perform deficiently by declining to poll the jury."). Accordingly, the Court will overrule these objections.

Because the Court has overruled each of the objections that Duran stated it failed to address in its Second Order, the Court finds that there is no basis on which to alter, amend, or grant relief from the Final Judgment.  With respect to rule 59(e), because the Court has now considered and rejected each objection, the Court concludes that there is no further "need to correct clear error or prevent manifest injustice."  Servants of the Paraclete v. Does, 204 F.3d at 1012.  The Court's decision that it should dismiss the Petition remains correct, because, after reviewing the objections that Duran stated were only partially addressed, none of the Sept. 21, 2011 Objections are meritorious.  See Charles v. Ne. Indep. Sch. Dist., 884 F.2d at 870-71 (noting that "even if the district court had purported to grant the first motion for reconsideration but, in the same order, had made it clear that the effect of the judgment was unchanged," there would be no amendment to the judgment). With respect to rule 60(b)(1), although the Court did not address parts of some of Duran's objections, the Court finds that it made no "substantive mistake of law or fact in the final judgment or order," because the Court has now considered those objections and rejected them. Cashner v. Freedom Stores, Inc., 98 F.3d at 576.  Moreover, the Court notes that rule 60(b)(6) is a "grand reservoir of equitable power to do justice in a particular case," Van Skiver v. United States,

952 F.2d at 1244, and that it is "appropriate only when it offends justice to deny such relief." Zurich N. Am. v. Matrix Serv., Inc., 426 F.3d at 1293.  The Court concludes that the final judgment does not offend justice, because having now considered all of Duran's objections, the Court finds that none of the objections are meritorious and that the Final Judgment is correct.  Accordingly, the Court will not alter, amend, or grant relief from the Final Judgment.

　　　　**IT IS ORDERED** that: (i) the Joint Motion Rule 60(b)(1)(6), Grounds for Relief from a Final Judgment, Order, or Proceeding; and Motion's Rule 52(b), Amended or Additional Findings. Accompanying, Rule 59(a)(2)(e), the Court May Open the Judgment if One Has Been Entered and Altering or Amending a Judgment, Petitioner "Alerts" the Court the Simple Filing of Rule 52 and 59 Are a Precautionary Mechanism to Preserve His Appeal Rights due to the 28 Days Allowed by Rule 59(e) to Prevent Expiration of the Time to Appeal.  Petitioner Request [sic] to Amend this Simple Filing Upon the Court's Ruling on Relief of Motion Rule 60(b)(1)(6) Fed Civ. P. due to the Late Service of Doc. 61, filed May 10, 2012 (Doc. 66), is denied; and (ii) Joint Motion, Rule 52(b), "Amending or Additional Findings" Accompanying, Rule 59(a)(2)(e) "The Court May Open the Judgment if One Has Been Entered and Altering or Amending a Judgment."  The Order Overruling Petitioner's Objections and Adopting Magistrates [sic] PFRD and Order of Final Judgment Was Entered on 4-18-2012, Doc's 62 and 63/and [sic] Petitioner Enters Motion for Appointment of Counsel Pursuant to Criminal Justice Act U.S.C. § 3006A as Amended 2004. (1)(a) and (2)(a), (12), (b), (2) [sic] "Will Not be Deprived of Any Element of Representation Necessary to An Adequate Defense for Lack of Financial Resources.  Representation Required, Person Unable to Obtain Adequate Representation, Who Is, Facing Loss of Liberty in a Case and Federal Law Requires Appointment of Counsel.  And in the Interest of Justice Requires Seeking Relief Under 28 U.S.C. § 2254." Due to the District Courts [sic] Overruling His Objections Due to Incomprehensibility and

Experiencing Great Difficulty, Given that Several of Duran's Objections Referenced Multiple Claims and Did Not Clearly Delineate Between the Case Law He Was Citing and the Facts of His Case." [sic] See Doc. 62, at 7.  Petitioners [sic] Claims Were Overlooked and Not Addressed, as a Result, His Right to Due Process Is Being Violated, filed May 21, 2012 (Doc. 68), is denied.  The Court will also deny as moot the requests in: (i) the Letter to Matt Dykman from Steve Robert Duran (dated April 26, 2012), filed May 1, 2012 (Doc. 64); and (ii) the Letter to the Court from Steve Robert Duran (dated April 27, 2012), filed April 27, 2012 (Doc. 65).  The Court will not alter, amend, or grant relief from the Final Judgment, filed April 18, 2012 (Doc. 63).

_____
UNITED STATES DISTRICT JUDGE

*Parties and counsel*:

Steve Robert Duran
Northeast New Mexico Detention Facility
Clayton, New Mexico

     *Plaintiff pro se*

Gary K. King
  Attorney General of the State of New Mexico
Margaret E. McLean
  Assistant Attorney General
Santa Fe, New Mexico

     *Attorneys for the Defendants*